In the Matter of the Claim of FRANCIS BECKINSALE, Respondent, *v.* CHARLES H. GREENTHAL, INC., et al., Appellants, and GRUDIN RESEARCH et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 15, 1967.

*Anne G. Kafka* and *Charles J. Jones* for appellants.

*Eugene T. O'Leary* for Grudin Research and another, respondents.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. The claimant prior to July 17, 1964 was employed by Grudin Research five days per week and by the appellant two days per week, the latter employment being on weekends. On July 17, 1964 the claimant was laid off because of lack of work by Grudin Research but continued working for the appellant. On August 7, 1964 he suffered a heart attack outside the course of employment, which was within the four-week terminal period of liability for disability benefits by Grudin Research.

The board found that at the time of the heart attack there was no concurrent employment and that the appellant was properly assessed with the entire liability based upon wages received during the prescribed time from the appellant and Grudin Research.

In making its finding as to employment, the board relied on Board Rule 105 (12 NYCRR 363.5) which provides that a claimant " is in concurrent employment when he is regularly and customarily in the employ of more than one covered employer

within the same calendar week under circumstances which make him concurrently eligible for benefits in such employments as provided in subdivision 2 of section 204 [of the Workmen's Compensation Law]."

The amount of the award for benefits was based on the provisions of subdivision 2 of section 204 which relate to concurrent employment, but such computation cannot be used unless there was such employment.

Section 203 of this statute does provide for the eligibility requirements which the claimant satisfied as to both employments and further provides: " Every such employee shall continue to be eligible during such employment and for a period of four weeks after such employment terminates but in no event beyond the fifth day of such period on which he performs any work for remuneration or profit ". Here, of course, claimant continued in the appellant's employment after leaving the Grudin Research employment, but the present record does not show how many days the claimant worked solely for appellant employer.

The basic issues herein are the correctness of the board's findings of no concurrent employment and its calculation of benefits.

The board in its decision gave no reason for its determination of " no concurrent employment " nor does the record show the number of days during the four-week terminal period that the claimant worked for the appellant employer, so that this court is unable to decide whether the number of days worked is relevant to the issue of concurrent employment or if it was considered by the board.

In any event, on this present record the determination is erroneous. When the board determined that there was no concurrent employment, it should not have assessed benefits pursuant to subdivision 2 of section 204 as related to such form of employment.

The decision should be reversed and the matter remitted to the Workmen's Compensation Board.

Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in an opinion per Herlihy, J.

Decision reversed and matter remitted, with costs to appellants against the respondents, employer and insurance carrier.