No. 12930

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

DOUGLAS HAMMILL,

              Plaintiff and Respondent,

-vs-

FOWLER A. YOUNG,
d/b/a BIG SKY VETERINARY CLINIC,

              Defendant and Appellant.

---

Appeal from:  District Court of the Fourth Judicial District,
                Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

    For Appellant:

        Morrison and Hedman, Whitefish, Montana
        Donald E. Hedman argued, Whitefish, Montana

    For Respondent:

        Warden, Walterskirchen & Christiansen, Kalispell,
         Montana
        Gary R. Christiansen argued, Kalispell, Montana

---

                    Submitted:  September 8, 1975

                      Decided: SEP 24 1975

Filed: SEP 24 1975

*Thomas J. Kearney*
                Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

In an action to recover the unpaid balance of a bonus provided in a written employment contract, the district court of Flathead County entered judgment in favor of plaintiff employee for the unpaid balance of the bonus, a 100% statutory penalty for nonpayment when due, and attorney's fees. Defendant employer appeals from the judgment.

Defendant is a veterinary operating the Big Sky Veterinary Clinic in Whitefish, Montana. He hired another veterinary, the plaintiff, under a written employment contract dated May 15, 1969. Under the terms of this contract, defendant agreed to pay plaintiff a monthly salary plus a yearly bonus of 20% of the gross income of the veterinary clinic.

Subsequently a disagreement arose concerning the amount of bonus payable for the year July 1, 1970 to June 30, 1971. Plaintiff sued and after trial, the district court, the Honorable Robert C. Sykes presiding without a jury, entered findings of fact, conclusions of law and judgment as follows:

(1) For $2,907.68 as unpaid bonus,

(2) For $2,907.68 as a statutory penalty under section 41-1302, R.C.M. (5% of the amount owing per day up to a maximum of 20 days),

(3) For $800 as reasonable attorney's fees under section 41-1306, R.C.M. 1947.

Defendant appeals from the award of penalty and attorney's fees, but does not contest the award of $2,907.68 as the unpaid balance of the bonus.

The issue on appeal is whether the district court properly awarded a penalty and attorney's fees under Montana's Wage Payment Act, section 41-1301 et seq.

Defendant contends that the penalty and attorney's fees

are not collectible against him because (1) plaintiff was not an "employee" within the meaning of the Act; (2) the Act does not apply to collection of a bonus as distinguished from wages, and (3) plaintiff as a "professional employee" is excluded from coverage under the Act. Defendant also argues that it is inequitable to charge him a penalty and attorney's fees for choosing to litigate the meaning of the terms used in the employment contract in order to determine the amount of bonus owed plaintiff.

Defendant's first two contentions must fail because of express definitions contained in the Act. Plaintiff was an employee within the meaning of the Act because an "'Employee' includes any person who works for another for hire". Section 41-1301(3)(c), R.C.M. 1947. The Act covers collection of a bonus because the term "wages" as defined therein expressly includes a bonus. Section 41-1301(3)(d).

Defendant's principal contention is that "professional employees" are excluded from the coverage of the Act, and accordingly the penalty and attorney's fees provisions therein do not apply to an action filed by a veterinary.

In construing a statute, the intention of the legislature is controlling. Section 93-401-16, R.C.M. 1947. Here there are at least two controlling indications that the legislature intended that the "professional employees" exclusion apply only to the requirement of bi-monthly payment of wages, and not to other parts of the Act including the penalty and attorney's fees provisions.

First, the legislative history of the Act demonstrates such legislative intent. The original Wage Payment Act was passed in 1919. Ch. 11, Laws of 1919. Section 1 of that Act required the payment of wages bi-monthly; Section 2 provided a statutory penalty for failure to pay wages when due; Section 3

required payment of accrued wages to discharged employees; Section 4 was a six month limitation on actions to recover the statutory penalty; Section 5 voided employee waivers of the benefits of the Act; Section 6 provided for attorney fees's in judgment for recovery of wages due; Section 7 was a repealer clause; and Section 8 provided an effective date.

This legislation was subsequently codified in the 1921 Codes as Sections 3084 et seq. Section 1 of the 1911 legislation was codified as Section 3084, R.C.M. 1921; Section 2 as Section 3085, R.C.M. 1921; Section 3 as Section 3086, R.C.M. 1921; and so on. The 1925 legislature enacted a statute expressly approving, legalizing and adopting the 1921 Codes as compiled, numbered and arranged by the Code Commission. Ch. 54, Laws of 1925. The sectional arrangement of the law by separate statutes was continued in the 1935 Codes under the same statute numbers.

In 1941 the legislature amended Section 3084, R.C.M. 1935. Ch. 169, Laws of 1941. That part of the amendment pertinent to this case added the following sentence to the paragraph requiring bi-monthly payment of wages:

> "<u>Provisions of this Section</u> shall not apply to any professional, supervisory or technical employees, who by custom, receive their wages earned at least once monthly". (Emphasis supplied)

The statute as amended was subsequently codified as section 41-1301, R.C.M. 1947 and entitled "Semimonthly payment of wages". The 1951 legislature enacted a statute expressly approving, legalizing and adopting the 1947 Codes as compiled, numbered and arranged by the Code Commissioner. Ch. 4, Laws of 1951.

The foregoing legislative history manifests an express legislative approval of the division of the Wage Payment Act into separate statutes, and of the limitation of the "professional employees" exclusion to the statutory requirement of bi-monthly

payment of wages.

Secondly, the language of the exclusion supports the same legislative intent. The exclusion expressly amends Section 3084, R.C.M. 1935, now section 41-1301, relating to the semimonthly payment of wages. Ch. 169, Laws of 1941. The exclusion expressly relates to "provisions of this section", i.e., provisions relating to bi-monthly payment of wages in former Section 3084, R.C.M. 1935. The language of the exclusionary amendment designates and refers to a class of persons who are customarily paid monthly, viz professional, supervisory or technical employees. Where the language of a statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the Court to construe. Dunphy v. Anaconda Co., 151 Mont. 76, 438 P.2d 660, and cases cited therein. The function of the Court is simply to ascertain and declare what is in terms and substance contained therein. Section 93-401-15, R.C.M. 1947.

Defendant's contention that the statutory penalty and attorney's fees included in the judgment are inequitable should be addressed to the legislature which enacted the law in question and provided its applicability here. The Court may not omit what has been inserted in legislation, nor insert what has been omitted. Section 93-401-15. The duty of the Supreme Court is simply to construe the law as it finds it. Dunphy v. Anaconda Co., supra, and cases cited therein.

We decline to assess damages against defendant for an appeal without merit under Rule 32, M.R.App.Civ.P. In our view the issues on appeal are arguable  and have not heretofore been decided by this Court.

We decline to award additional attorney's fees on appeal. We consider the attorney's fees and penalty heretofore imposed in the judgment sufficient to make plaintiff whole after payment

of his attorney's fees.

The judgment of the district court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____
Justices

Mr. Justice Wesley Castles dissenting:

I dissent. This, to me, is an obvious joint enterprise regardless of terminology, and a professional veterinarian should be excluded from coverage as the statute clearly states.

_____
Justice

- 6 -