No. 13415

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

MICHAEL E. MASSA,

     Plaintiff and Respondent,

-vs-

DEPARTMENT OF SOCIAL AND
REHABILITATION SERVICES OF
THE STATE OF MONTANA,

     Defendant and Appellant.

---

Appeal from:  District Court of the Fourth Judicial
           District
           Honorable Jack L. Green, Judge presiding

Counsel of Record:

    For Appellant:

        M. Gene McLatchy argued, Helena, Montana

    For Respondent:

        Mulroney, Delaney, Dalby and Mudd, Missoula,
          Montana
        John Mudd argued, Missoula, Montana

---

                    Submitted:  January 14, 1977

                    Decided:  **FEB 22 1977**

Filed: **FEB 22 1977**

*Thomas J. Kearney*
                 Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by a state agency from a summary judgment in favor of its employee on his wage claim.

Michael D. Massa has been employed since July 1, 1969, by the Department of Social and Rehabilitation Services of the State of Montana (SRS). Massa had first been a welfare counselor, later was promoted to a supervisory position which he held for about two years, and finally on November 5, 1973, was transferred back to welfare counselor at his request so he could work directly with welfare recipients, rather than in a supervisory capacity.

This last transfer resulted in a salary reduction from $900 per month which Massa had been receiving as district supervisor in Missoula to $820 per month as a welfare counselor. Massa's job classification and wage rate were governed by state Merit System regulations contained in a Personnel Policy Manual. Due to an oversight, Massa was paid at the rate of $860 per month for 16 months and upon discovery of the error, SRS began collecting the alleged overpayment ($640) by monthly deductions from Massa's salary.

Massa claimed he was entitled to a monthly salary of $900 as a welfare counselor under state Merit System regulations. After failing to resolve his claim administratively within the agency, Massa filed suit in the district court of Missoula County.

Following completion of the pleadings and pretrial discovery, both Massa and SRS moved for summary judgment. The district court, the Hon. Jack L. Green, district judge, granted summary judgment to Massa and denied summary judgment to SRS. Judgment was entered (1) restoring Massa to salary grade 18, step 6, of state Merit System

regulations providing for a salary of $900 per month as of the date of transfer, (2) granting Massa all periodic adjustments and increases from the date of transfer, (3) ordering SRS to refund the $640 it had collected from Massa for the alleged overpayment, and (4) awarding Massa his costs of suit. Thereafter Massa's attorneys filed a cost bill which included $850 as attorney fees pursuant to section 41-1306, R.C.M. 1947. SRS now appeals from this judgment.

SRS assigns two issues for review:

(1) Was Massa's voluntary request for transfer a "re-assignment" within state Merit System regulations?

(2) Was Massa's administrative appeal timely?

The parties concede that state Merit System regulations govern Massa's job classification and wage rate to the extent they are applicable to the facts of Massa's case. SRS contends Massa's situation was not covered by these regulations as they existed at the time of transfer, or if covered, that Massa resigned and was simultaneously reinstated entitling him to a job classification of "Welfare Counselor II, step 4" with a salary of $820 per month.

We hold that Massa's situation was covered by state Merit System regulations at the time of transfer and that he was entitled to a job classification and wage rate of "Counselor II, salary grade 18, step 6" with a salary of $900 per month, pursuant to these regulations.

The controlling provision on Massa's job classification is the reassignment provision in the state Merit System regulations:

> "Reassignment means a change in title of an employee for other than disciplinary reasons from one class to another having a lower entrance salary." Art. 4, ¶19, p.23.

This provision fits Massa's situation like a glove. His title was changed from District Supervisor to Counselor II. The change was voluntary and not for disciplinary reasons. Counselor II had a lower entrance salary than District Supervisor. The language of the reassignment provision is clear and subject to no other meaning.

State Merit System regulations further provide:

"An employee who is reassigned will be paid the same salary as before reassignment, except that his salary may not be above the new maximum and if his salary is not at a step in the new range it will be adjusted to the next higher step." Art. 2, Section III (f). (Emphasis added.)

The maximum salary for Counselor II is $900 per month at step 6. This is the job classification and wage rate contained in the district court's judgment. It is clearly correct under the regulation.

The contention of SRS that Massa resigned and was simultaneously reinstated is contrary to the facts and regulations. The pertinent regulations provide:

"Resignation means the termination of employment at the request of the employee." Art. 4, ¶24, p. 23.

"Reinstatement means a return to employment in an agency in the same class, or a closely related lower class, with all previously accrued rights." Art. 4, ¶23, p. 23.

Massa at no time requested a termination of his employment with SRS nor did he ever return to employment with SRS. He specifically asked for a job transfer within the agency and remained continually employed by SRS.

SRS next contends that Massa's wage claim is barred because he did not request a hearing within 30 days before the Merit System Council pursuant to the regulations. This contention is without

merit for at least two reasons: (1) the Merit System Council denied him a hearing, and (2) this defense was never pleaded nor proved in the district court and cannot be raised for the first time on appeal. Rule 8(c), M.R.Civ.P.; Pickett v. Kyger, 151 Mont. 87, 439 P.2d 57; Close v. Ruegsegger, 143 Mont. 32, 386 P.2d 739.

The judgment of the district court is affirmed. We tax as costs on appeal an attorney's fee in the sum of $800 for the services of respondent's attorneys in this appeal.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -