No. 14239

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

ROSEMARY F. CATTEYSON,

          Claimant and Respondent,

   -vs-

FALLS MOBILE HOME CENTER, INC., Employer,

    and

GLACIER GENERAL ASSURANCE COMPANY,

         Defendant and Appellant.

---

Appeal from: Workers' Compensation Court
           Hon. William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Jardine, Stephenson, Blewett and Weaver, Great Falls,
        Montana

    For Respondent:

        Barry Olson, Great Falls, Montana

---

Submitted on briefs: April 12, 1979

Decided: AUG - 9 1979

Filed: AUG - 9 1979

_Thomas J. Kearney_
                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Falls Mobile Home Center, Inc., and Glacier General Assurance Company, defendants, appeal from the modified conclusions of law and judgment dated February 27, 1978, entered by the Workers' Compensation Court. Respondent claimant was at the time of the industrial accident employed by Falls Mobile Home Center, Inc. Glacier General Assurance Company was employer's industrial accident insurer.

The Workers' Compensation Court by its judgment decided that claimant was entitled to temporary total disability payments under section 39-71-701 MCA, from November 20, 1974, to October 27, 1976, and temporary total payments from October 28, 1976, to March 3, 1977, for the failure of the carrier to notify the Workers' Compensation Division of its intention to unilaterally terminate benefits. Section 39-71-609 MCA. The court further held that claimant suffered 10 percent permanent partial injury under section 39-71-116(12) MCA, entitling her to benefits pursuant to section 39-71-703 MCA. Finally, the court awarded claimant attorney fees pursuant to section 39-71-612 MCA, in the amount of $1500.

Shortly before 4:00 p.m. on November 20, 1974, claimant was injured in an automobile accident as she was heading north on 13th Street North in Great Falls, Montana. At the time of the accident, claimant had two jobs--one as a handy person for Falls Mobile Home and one as a dispatcher for Black and White Cab. There was some dispute as to what claimant was doing at the time of the accident. The carrier contended she was on her way to her job at Black and White Cab; claimant contended, and the Workers' Compensation Court found, that she had been running an errand for Falls Mobile Home.

On December 5, 1974, claimant filed for benefits and the compensation carrier for Falls Mobile Home began paying her benefits. Later, and while compensation benefits were being paid, the carrier notified claimant by letter that compensation would be discontinued when her doctor released her to work.

Temporary total benefits were paid until June 25, 1976, when claimant was released for work. The payments were then discontinued and a "Compensation Advice Form" was sent to claimant on July 22, 1975, and forwarded to the Workers' Compensation Division.

Thereafter, the parties corresponded for a period of ten months in an effort to determine whether claimant had suffered any permanent disability. Later claimant filed a petition with the Workers' Compensation Court for a hearing. Prior to the hearing, the carrier discovered that claimant may have been on her way to her second job at the time of the accident. It therefore withdrew its settlement offers and chose to defend on the ground that claimant had not suffered a compensable injury.

The Workers' Compensation Court found in favor of claimant, and the carrier appeals.

Initially we are asked to determine whether the evidence supports the Workers' Compensation Court's conclusion that the employee was injured in an industrial accident and, as a result, was permanently or partially disabled. We find that it does.

While there was disputed evidence as to what claimant was actually doing at the time of the accident, the Workers' Compensation Court found that she was running an errand for Falls Mobile Home. There is sufficient evidence in the record to support this finding:

> "Whether this Court agrees is of no moment.
> Since credible and substantial evidence ap-
> pears in the record in support of the Workers'
> Compensation Court, we are bound by its deci-
> sion on the facts." McGee v. Bechtel Corp.
> (1979), ____ Mont. _____, 595 P.2d 1156, 1158-
> 59, 36 St.Rep. 220, 224.

There is also sufficient credible evidence to support a conclusion that claimant was permanently partially disabled and entitled to benefits under section 39-71-703 MCA.

Next we are asked to decide whether the Workers' Compensation Court erred in holding that the carrier had unilaterally terminated claimant's benefits and that termination was improper.

In support of its conclusions of law, the court cited Clark v. Hensel Phelps Construction Company (1977), ____ Mont. _____, 560 P.2d 515, 34 St.Rep. 61. In Clark, the issue presented to this Court was the necessity of giving claimant written notice and acquiring approval of the Division of Workers' Compensation prior to the termination of benefits. The Court found the controlling statute to be section 92-615, R.C.M. 1947, now section 39-71-609 MCA, which originally read:

> ". . . If the insurer determines to initially
> deny the claim, or after a claim has been ac-
> cepted, terminates biweekly compensation bene-
> fits, it may do so only after fifteen (15) days
> written notice to the claimant and the division
> and after written approval of the division."

This section has since been amended and no longer requires written approval of the Division. Section 39-71-609 MCA. This amendment, however, has no effect on the Clark rule. The issue in Clark was one of first impression in this state. In reaching our decision we looked to Rhode Island which had interpreted a statute similar to our present day section 39-71-609 MCA, and held:

-4-

". . . if the employer does attempt to unilaterally terminate the payment of benefits such attempted termination is ineffective. The employer remains liable for the payment of benefits until the termination is accomplished by following the statutory notice provision." Clark, 560 P.2d at 517.

Here, the carrier advised the employer and the Division some 27 days after termination and not 15 days before as is required by law. The Workers' Compensation Court was correct in its application of the Clark rule in this case.

Once it has been determined that section 39-71-609 MCA and Clark have been violated, the carrier "remains liable for the payment of benefits until the termination is accomplished by following the statutory notice provision." Clark, 560 P.2d at 517. The Workers' Compensation Court correctly found that claimant was entitled to temporary total benefits from the date of the improper termination to the date of its order for the failure of the carrier to comply with section 39-71-609 MCA.

The carrier contends that even if the notice of termination was improper, that claimant had waived her right to notice. This contention is without merit. "No agreement by [claimant] to waive any rights under this chapter for an injury to be received shall be valid." Section 39-71-409 MCA.

Furthermore, notice is also required to be given to the division under section 39-71-609 MCA. There is no evidence before this Court to indicate that the Division waived its right to notice.

The carrier questions whether the Workers' Compensation Court can aggregate earnings from two separate and unrelated

employments for the purpose of determining benefits payable. This Court has recently approved the aggregation of wages from separate and unrelated employments. Walker v. H. F. Johnson, Inc. (1978), ____ Mont. ____, 591 P.2d 181, 35 St.Rep. 1667.

Finally, the carrier objects to an award of attorney fees. Section 39-71-612 MCA provides that if:

> ". . . controversy relates to the amount of compensation due and the settlement or award is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee as established by the division or the workers' compensation judge if the case has gone to a hearing, based solely upon the difference between the amount settled for or awarded and the amount tendered or paid, may be awarded in addition to the amount of compensation."

Further, "[t]he finding that claimant is entitled to section 92-703.1 [now section 39-71-703 MCA] benefits triggers section 92-618 [now section 39-71-612 MCA] entitling claimant to '. . . a reasonable attorney's fee as established by the division or workmen's compensation judge . . .'" Walker, 591 P.2d at 185.

Claimant clearly fits into both of the above situations. There is also nothing to indicate that the compensation judge deviated from the formula set out in section 39-71-613 MCA.

The judgment of the Workers' Compensation Court is affirmed.

_____
Justice

-6-

We concur:

_Frank I. Haswell_
Chief Justice

_Jean Conway Harrison_

_____

_John C. Sheehy_
Justices