MR. CHIEF JUSTICE HASWELL
dissenting.
I respectfully dissent.
*373 Here the District Court entered judgment denying plaintiff’s claim for noneconomic damages, holding the statutory limitation constitutional. On appeal the majority have reversed this judgment as premature because a final judgment including noneconomic damages claimed by plaintiff was not entered. In my view this is error
The Montana Rules of Civil Procedure expressly provide that the District Court “may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” Rule 54(b), M.R.Civ.P. The District Court did this. This rendered the judgment appealable as a final judgment. Rule 1, M.R.App.Civ.P.
The constitutionality of section 2-9-104, MCA, was the only issue raised, briefed, researched or argued in the District Court. This Court has consistently held that it will not review or determine on appeal issues which were not raised in the District Court. Mont. Ass’n of Underwriters v. State, etc. (1977), 172 Mont. 211, 563 P.2d 577; Spencer v. Robertson (1968), 151 Mont. 507, 445 P.2d 48; Clark v. Worrall (1965), 146 Mont. 374, 406 P.2d 822; State Highway Commission v. Yost Farm Company (1963), 142 Mont. 239, 384 P.2d 277. Yet here the majority have decided this case on an issue not raised, briefed or argued by any party either in the District Court or upon appeal.
Section 2-9-104, MCA, provides, among other things, that the State is not liable for noneconomic damages in a tort action such as we have here. The statute provides in pertinent part:
“(1) Neither the state . . . nor any . . . political subdivision of the state is liable in tort action for:
“(a) noneconomic damages; or
If the State has no liability for noneconomic damages, how can a final judgment that includes noneconomic damages be entered against the State?
*374 There is only one way — by declaring the statute unconstitutional. But here the District Court declared the statute constitutional. In so doing, the District Court upheld the statutory limitation on the State’s liability and entered the only final judgment it was empowered to enter under such circumstances. This placed the question of constitutionality of the statute squarely in issue in this appeal.
The majority opinion avoids ruling on this issue by interpreting the statute to require a judicial determination of the amount of noneconomic damages as a condition precedent to plaintiff petitioning the legislature for payment thereof as a matter of grace. In my opinion this is a tortured construction of the statute.
The relevant portion of the statute reads as follow:
“(2) The legislature . . .may, in its sole discretion, authorize payments for noneconomic damages . . . upon petition of plaintiff following a final judgment . . .” Section 2-9-104(2), MCA. (Emphasis added.)
In my view the quoted portion of the statute plainly says that the legislature, in its sole discretion, may authorize such payments for noneconomic damages as it sees fit after final judgment; it may deny any payment at all, or it may authorize payment in part and deny payment in part, or it may pay such damages in full as it alone may determine. Where the language of a statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe. Keller v. Smith (1976), 170 Mont. 399, 553 P.2d 1002; Dunphy v. Anaconda Company, (1968), 151 Mont. 76, 438 P.2d 660. Our function is simply to declare what is contained in the statute, and neither insert what has been omitted nor omit what has been inserted. Section 1-2-101, MCA; Mont. Ass’n of Underwriters v. State, etc., supra; Clark v. Hensel Phelps Const. Co. (1977), 172 Mont. 8, 560 P.2d 515; Hammill v. Young (1975), 168 Mont. 81, 540 P.2d 971.
Where the legislature has sole discretion over whether payment of noneconomic damages shall be authorized and the amount thereof, how can the statute be interpreted to require a judicial *375 determination of the amount of noneconomic damages in a final judgment? As I see it, this would be at' odds with legislative intent regarding determination thereof. No discernable purpose would be served thereby. The amount of noneconomic damages in a judgment is simply a lump sum commonly commingled with economic damages. The legislature is not bound by it and is perfectly capable of determining the amount of noneconomic damages it is willing to pay as a matter of grace rather than as a matter of liability. Additionally it is a waste of time, the taxpayers’ money, and judicial resources to engage in such a meaningless exercise. The law does not require idle acts. Section 1-3-223, MCA. For these reasons I do not believe the legislature intended to empower the trial courts to adjudicate the amount of noneconomic damages for which the State is not liable under the statute and include such items in a final judgment before the plaintiff can petition the legislature for payment thereof.
I believe this Court should determine the sole issue raised by the parties in this appeal — the constitutionality of section 2-9-104, MCA.