No. 80-134

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

WAYNE THORNTON,

Plaintiff and Appellant,

vs.

THE COMMISSIONER OF THE
DEPARTMENT OF LABOR AND
INDUSTRY, STATE OF MONTANA,

Defendants and Respondents.

Appeal from: District Court of the Fifth Judicial District,
In and for the County of Jefferson, Montana
Honorable Frank Blair, Judge presiding.

Counsel of Record:

For Appellant:

Patrick F. Flaherty argued, Boulder, Montana

Fro Respondents:

Marra, Wenz, Iwen and Johnson, Great Falls, Montana
James Gardner argued, Dept. of Labor, Helena,
Montana

Submitted: November 21, 1980

Decided: DEC 24 1980

Filed: DEC 24 1980

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

On August 10, 1978, appellant filed a wage claim with the Commissioner of the Department of Labor and Industry. A contested case hearing was held in Great Falls on November 14, 1978. The hearings officer ruled in favor of respondents. On March 11, 1979, appellant petitioned the District Court of the Fifth Judicial District, in and for the County of Jefferson, for judicial review of the final agency decision. The District Court dismissed appellant's petition for judicial review. Appellant appeals.

Appellant was employed as a truck driver by respondents John and Simone Furgeri on or about July 17, 1978. He terminated his employment on August 4, 1978, due to nonpayment of wages. Appellant was hired for $.13 per mile plus $3.00 per hour for unloading and loading. Appellant claimed he drove 7,250 miles ($942.50), worked 62 hours ($186.00), and accumulated $86.39 in expenses, totaling $1,214.89 due.

On November 14, 1978, an administrative hearing was held. The hearings examiner determined there were no expenses due and that appellant was therefore entitled to $1,128.50 ($942.50 plus 186.00). The examiner also found that respondents had paid appellant $500.00 on September 5 and $281.75 on October 13, 1978, in back wages. The examiner subtracted $781.75 from $1,128.50 and found appellant was entitled to $346.75. Pursuant to section 39-3-206, MCA, the examiner assessed a penalty on this portion of the wages due which resulted in a net amount due appellant of $693.50. [Due to an arithmetical error the hearings examiner found $492.50 due appellant; however,

using the same formula, the error was corrected at the hearing on the petition for judicial review.] The examiner also denied appellant's prayer for attorney fees.

On appeal the District Court affirmed the examiner's order and denied appellant's petition for review.

There are two issues presented to this Court for review:

1. Did the District Court err in affirming the decision of the hearings examiner to assess a statutory penalty to the balance due at the time of the hearing rather than the amount due at the initiation of the proceedings?

2. Did the District Court err in affirming the decision of the hearings examiner refusing to award attorney fees to appellant at the administrative hearing level?

Appellant contends that section 39-3-206, MCA, imposes a mandatory penalty on an employer who fails to pay wages to an employee when the wages become due. By imposing a penalty on $346.75, which was due at the time of the hearing, rather than on $1,128.50, which was due at the initiation of the proceedings, the hearings examiner and the District Court made a clear error of law in direct contravention of the statute.

Appellant further contends that section 39-3-214, MCA, provides a mandatory award of attorney fees and costs for employees who successfully prove a claim for unpaid wages. The hearings examiner and the District Court erred in failing to award attorney fees and costs at either stage of the proceedings.

Respondents' position is that this case involves the construction of two statutory provisions—section 39-3-206,

-3-

MCA (the penalty statute), and section 39-3-211, MCA (the statute giving the commissioner discretion to settle or adjust claims upon assignment). In an attempt to promote settlements and avoid lengthy litigation, the commissioner, pursuant to his section 39-3-211, MCA, authority, compromised the penalty because the employer partially paid the wages due appellant prior to the administrative hearing. Respondents contend there exists a rebuttable presumption in favor of the action of an administrative agency. In the absence of a showing of manifest error by the party challenging the agency action, the agency order is deemed valid and enforceable. Appellant failed to meet his burden of proof; therefore, the District Court's order affirming the agency's decision should be affirmed.

Concerning the second issue, respondents contend that, pursuant to section 39-3-214, MCA, an award of attorney fees is provided for only when it is necessary to institute "a suit at law" for the recovery of wages. An administrative hearing is not a suit at law. Therefore, neither the commissioner of the Department of Labor and Industry nor the District Court has the authority to award attorney fees for representation in an administrative hearing. The District Court has statutory authority to award attorney fees on a wage claim only for the legal work performed at the District Court level.

When reviewing an administrative order, there exists a rebuttable presumption in favor of the decision of the agency, and the burden of proof is on the party attacking it to show that it is erroneous. Partoll v. Anaconda Copper Min. Co. (1949), 122 Mont. 305, 311, 203 P.2d 974; Kerns v.

Anaconda Copper Min. Co. (1930), 87 Mont. 546, 289 P. 563. This Court may not substitute its judgment for that of the trial court or agency as to the weight of the evidence on questions of fact. Section 2-4-704(2), MCA; Robins v. Anaconda Aluminum Co. (1978), 175 Mont. 514, 575 P.2d 67. We may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are clearly erroneous in view of the reliable, probative and substantial evidence of the whole record. Section 2-4-704(2)(e), MCA. In Brurud v. Judge Moving and Storage Company, Inc. (1977), 172 Mont. 249, 563 P.2d 558, we determined that a finding is "clearly erroneous" when, although there is evidence to support it, a review of the entire record leaves the court with the definite and firm conviction that a mistake has been committed. See also United States v. United States Gypsum Co. (1948), 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766.

We find no such prejudice here, and the decisions of the administrative agency and District Court are affirmed.

The role of judges in construing statutes is stated in section 1-2-101, MCA. This Court interpreted that role in Hammill v. Young (1975), 168 Mont. 81, 540 P.2d 971, which held that the court may not omit what has been inserted in legislation nor inject what has been omitted. The duty of the court is simply to construe the law as it finds it. Dunphy v. Anaconda Co. (1968), 151 Mont. 76, 438 P.2d 660. With this mandate in mind, we must now construe the two statutes which are the subject of this litigation.

Section 39-3-206, MCA, provides:

-5-

"Any employer, as such employer is defined in this part, who fails to pay any of his employees as provided in this part or violates any other provision of this part shall be guilty of a misdemeanor. A penalty shall also be assessed against and paid by such employer and become due such employee as follows: a sum equivalent to the fixed amount of 5% of the wages due and unpaid shall be assessed for each day, except Sundays and legal holidays, upon which such failure continues after the day upon which such wages were due, except that such failure shall not be deemed to continue more than 20 days after the date such wages were due."

Section 39-3-211, MCA, provides:

"Whenever the commissioner determines that one or more employees have claims for unpaid wages, he shall, upon the written request of the employee, take an assignment of the claim in trust for such employee and may maintain any proceeding appropriate to enforce the claim, including liquidated damages pursuant to this part. With the written consent of the assignor, the commissioner may settle or adjust any claim assigned pursuant to this section." (Emphasis added.)

The wage claim submitted and signed by appellant provided: "I hereby authorize the Labor Commissioner to approve a proposed compromise adjustment or settlement of the claim. In pursuance thereof, I authorize the Labor Commissioner to transfer, sell or assign this claim or any judgment thereon." Pursuant to the authority vested in the commissioner by section 39-3-211, MCA, he compromised the penalty on the $500.00 and $281.75 paid on September 5 and October 13, 1978, respectively.

In the last two fiscal years, the Labor Standards Division processed an average of over 900 wage claims per year. Therefore, in an attempt to promote settlements and avoid lengthy litigation, the commissioner compromised the penalty on wages which were paid prior to hearing. Such a decision is within the commissioner's discretion and facilitates the purpose of the Wage Payment Act which is to

collect unpaid wages of employees. However, in each case, the ultimate liability should first be determined and, thereafter, a compromise may be worked out from that amount. Sections 39-1-102 and 39-3-209, MCA.

Appellant was entitled to $1,128.50; he was paid $781.75. Therefore, $346.75 remains due for unpaid wages. Respondents owe appellant an additional $346.75 in penalty pursuant to section 39-3-206, MCA, bringing the net amount due appellant $795.50. Appellant has received a portion of wages due and is entitled to unpaid wages plus a penalty imposed thereon. No substantial rights of appellant have been prejudiced and the administrative order is affirmed.

Appellant asked for an award of attorney fees. It is a well-settled principle that attorney fees are allowable only when provided for by contract or statute. Section 39-3-214, MCA, provides:

> "Court costs and attorneys' fees. (1) Whenever it shall become necessary for the employee to enter or maintain a suit at law for the recovery or collection of wages due as provided for by this part, a resulting judgment must include a reasonable attorney's fee in favor of the successful party, to be taxed as part of the costs in the case. (2) Any judgment for the plaintiff in a proceeding pursuant to this act must include all costs reasonably incurred in connection with the proceeding, including attorneys' fees." (Emphasis added.)

Section 39-3-212, MCA, provides:

> "A determination by the Commissioner of Labor and Industry made after a hearing may be enforced by application by the Commissioner to a district court for an order or judgment enforcing the determination if the time provided to initiate judicial review by the employer passed."

The particular language of the statute indicates that an administrative hearing is not a "suit at law." A "determination" made by the commissioner as a result of the

hearing is not a "judgment." In Massa v. Dept. of Social & Rehabilitation Services (1977), 172 Mont. 60, 560 P.2d 895, the appellate procedures used closely parallel those used in the case at bar. In that case this Court awarded attorney fees only for services rendered on appeal. In the absence of statutory authority we must affirm the holding of the District Court and the Department of Labor and Industry denying appellant attorney fees for services rendered at the administrative hearing. ~~A reasonable attorney fee of $750~~ *Appellant is denied atty. fees for services rendered on appeal.* ~~is awarded for services rendered in this appeal.~~

Affirmed.

_____
                         Justice

We concur:

_____
         Chief Justice

_____

_____

_____
         Justices

-8-