No. 81-414

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

CONRAD GEE,

> Claimant and Respondent,

-vs-

CARTWHEEL RESTAURANT, Employer,

> and

STATE COMPENSATION INSURANCE FUND,

> Defendant and Appellant.

_____

Appeal from:   Workers' Compensation Court, The William E.
Hunt, Judge presiding.

Counsel of Record:

> For Appellant:

> > William Bailey Dunn, Helena, Montana

> For Respondent:

> > Albert A. Frost; Page Wellcome, Bozeman, Montana

_____

Submitted on Briefs:   December 3, 1981

Decided:   March 25, 1982

Filed:   **MAR 25 1982**

_Thomas J. Kearney_
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The State Compensation Insurance Fund appeals from the Workers' Compensation Court's determination that a claimant's wage base for temporary total disability benefits should include gratuitous pay from a prior job that he had resigned from.

On July 19, 1980, the claimant injured his right arm in the course of his part-time employment as a dishwasher at the Cartwheel Restaurant in Bozeman, Montana. The State Compensation Insurance Fund accepted liability for the injury and paid temporary total disability benefits based upon the claimant's wages at the Cartwheel Restaurant. The claimant then petitioned the Workers' Compensation Court to order that he be paid benefits based upon his wages at the Cartwheel Restaurant, as well as the Montana State University Book Store, where he had been employed full-time since October 23, 1969, but had resigned on June 30, 1980. During July and August, 1980, however, he continued to receive his usual monthly salary and benefits from the Book Store because he had been a long-term employee.

The Workers' Compensation Court determined from the parties' stipulated facts that the claimant continued to be a Book Store "employee" within the meaning of the Workers' Compensation Act through August 31, 1980, and that his wage base for the computation of temporary total disability benefits should include his earnings from the Book Store. The State Compensation Insurance Fund appeals that determination, contending that the claimant's earnings from the Book Store should not be included because a loss of those wages is a condition precedent to an award of temporary total disability

-2-

benefits under the Workers' Compensation Act.

We hold that the gratuitous wages received from the Book Store should not be included in the computation of the claimant's temporary total disability benefits.

The legislature has defined a temporary total disability as one ". . . that results in total loss of wages and exists until the injured worker is as far restored as the permanent character of the injuries will permit." Section 39-71-116(19), MCA. Weekly compensation benefits for an injury which produces total temporary disability shall be 66 2/3 percent of the wages received at the time of the injury. Section 39-71-701(1), MCA. The legislature has defined wages as the average gross earnings received by the employee at the time of the injury for his usual weekly hours of employment. Section 39-71-116(20), MCA.

The stipulated facts establish that although the claimant was receiving his normal monthly wages from the Book Store for July and August 1980, he was no longer actually employed there, and did not lose those gratuitous wages upon becoming disabled. The claimant, however, argues that the Book Store's payment of his usual monthly wages should be considered presumptive of an employer/employee relationship which entitles him to compensation benefits based upon those wages also.

The general rule is that earnings from concurrent employments may be combined if the employments are sufficiently similar so that a disabling injury at one employment would necessarily disable the employee in respect to the other employment. 2 Larson Workmen's Compensation Law § 60.31(a); Catteyson v. Falls Mobile Home Center (1979), ___ Mont. ___,

-3-

599 P.2d 341, 36 St.Rep. 1443; Walter v. Public Auction Yards (1979), ____ Mont. ____, 592 P.2d 497, 36 St.Rep. 553. However, there can be no computation of a workers' compensation award based on concurrent employment unless there was such employment. Beckinsale v. Charles H. Greenthal, Inc. (1967), 277 N.Y.S.2d 426, 27 App.Div.2d 129. Applying even the most liberal statutory construction favoring the claimant, to conclude that his average gross earnings should include wages from this job at which he is no longer employed does not fairly or reasonably represent wages lost from his usual weekly hours of employment. The amount of compensation must bear some reasonable relation to the loss sustained on account of disability.

We have, in the past, allowed the aggregation of earnings from separate, concurrent employments in the determination of permanent disability benefits. See Catteyson v. Falls Mobile Home Center, supra; Walter v. Public Auction Yards, supra; Walker v. H. F. Johnson, Inc. (1978), ____ Mont. ____, 591 P.2d 181, 35 St.Rep. 1667. However, any aggregation of earnings must be done pursuant to the applicable statutory definitions. In providing compensation for a temporary total disability (section 39-71-116(19), MCA), the legislature chose to restrict the compensation to that based upon loss of wages, rather than for a loss of earnings or earning capability as is provided in the statutory definitions of permanent partial disability (section 39-71-116(12), MCA) and permanent total disability (section 39-71-116(13), MCA).

In essence, the Workers' Compensation Court has determined that the claimant is entitled to temporary total disability benefits based upon lost wages for two concurrent jobs, while the evidence in no way establishes that the claimant was actually concurrently employed at the Book

-4-

Store or had suffered a loss of Book Store wages. To hold that the claimant should receive benefits based upon more weekly hours than he has actually ever worked does not represent compensation based upon his usual weekly hours of employment. This case is reversed and remanded for proceedings consistent with this opinion.

_____
                        Justice

We Concur:

_____
Chief Justice

_____

_____

_____
        Justices