No. 85-469

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

DAVID M. HARMON,

      Claimant and Appellant,

   -vs-

VERN D. HARMON, Employer,

     and

STATE COMPENSATION INSURANCE FUND,

      Defendant and Respondent.

APPEAL FROM: The Workers' Compensation Court, Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lynaugh, Fitzgerald & Hingle; Michael G. Eiselein,
        Billings, Montana

    For Respondent:

        Crowley Law Firm; T. G. Spear, Billings, Montana

Submitted on Briefs: Jan. 9, 1986

Decided: March 25, 1986

Filed: MAR 25 1986

_Ethel M. Harrison_
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellant, David J. Harmon, appeals from the order of the Workers' Compensation Court adopting the findings of fact, conclusions of law and judgment of the hearing examiner which established Harmon's temporary total disability rate as $57.54 per week.

Harmon was injured on December 6, 1984, while employed by his father, Vern Harmon, as a ranch hand in Lavina, Montana. Harmon was injured when a bull ran over the top of him while he was doctoring it. Harmon's father was enrolled under Plan III of the Workers' Compensation Act. Harmon was temporarily totally disabled as a result of his injuries.

At the time of his injury, Harmon received $375.00 per month as a salary from his father. At the same time, Harmon was also running his own farm. Harmon's work on his own place involved the labor of operating a farm as well as coordinating tax return information and record keeping, supply, maintenance, purchase and sale activity, and other such management activities. State Fund conceded that in working his own farm, Harmon engaged in activities sufficiently similar to those of his employment for his father so that his disabling injury at his father's employment would necessarily disable him from doing some of the work that he did on his own place.

State Fund determined that Harmon's temporary total disability rate at $57.54 per week, based only upon Harmon's $375.00 per month salary paid to him by his father for work as a part-time ranch and farm hand. Harmon, however, maintained that his earnings from his separate but identical

self-employment on his own family farm and ranch should have been combined with his earnings derived from the employment in which he was injured to properly determine his temporary total disability rate.

On February 8, 1985, Harmon filed a petition for hearing with the Montana Workers' Compensation Court. The relief Harmon sought was an increase in his compensation rates based upon his "average gross income" as a self-employed rancher/farmer.

By agreement of the parties, the case was submitted to the hearing examiner upon proposed findings and conclusions, briefs, and Harmon's deposition. The hearing examiner's decision was issued to and adopted by the Workers' Compensation Court on August 14, 1985.

The Workers' Compensation Court concluded that State Fund correctly determined Harmon's temporary total disability rate at $57.54 per week. The court determined that Harmon had failed to prove that he had any additional wages, beyond his monthly salary from the employment at which he was injured which could be aggregated to increase his compensation rate. The court stated:

> Claimant's evidence regarding his farm has not established a basis for a determination by this Court that he had any additional wages from his self-employment that increases his temporary total rate under MCA § 39-71-116(20) and the Montana Supreme Court cases interpreting that section.

Harmon raises only one issue on appeal: whether the Workers' Compensation Court erred in failing to allow Harmon to aggregate his wages as a self-employed farmer, together with the wages he earned as a ranch hand, for the purpose of determining his weekly temporary total disability benefit rate.

The general rule is that earnings from concurrent employments may be combined if the employments are sufficiently similar so that a disabling injury at one employment would necessarily disable the employee in respect to the other employment. 2 Larson Workmen's Compensation Law, Section 60.31(a); Gee v. State Comp. Ins. (1982), 197 Mont. 335, 337, 642 P.2d 1070, 1071; Catteyson v. Falls Mobile Home Center, Inc. (1979), 183 Mont. 284, 288, 599 P.2d 341, 343. Any aggregation of earnings, however, must be done pursuant to the applicable statutory definitions. In Gee, we stated:

> In providing compensation for a temporary total disability (section 39-71-116(19), MCA), the legislature chose to restrict the compensation to that based upon loss of wages, rather than for a loss of earnings or earning capability as is provided in the statutory definitions of permanent partial disability (section 39-71-116(12), MCA) and permanent total disability (section 39-71-116(13)).

Gee, 197 Mont. at 338, 642 P.2d at 1072.

"Wages" is a term of art. It refers to the "average gross earnings" received by the employee at the time of injury for the usual hours of employment in a week, and overtime is not to be considered. Section 39-71-116(20), MCA. Harmon's entitlement for weekly compensation benefits is to be computed as "66 2/3% of the wages received at the time of the injury." Section 39-71-701(1), MCA.

There is no controversy that Harmon would have been entitled to an aggregation of wages if he had proved that there had been any loss of wages other than those he received from his father. Harmon contends that the court should have computed his temporary total disability benefit rate by use of his gross income figures from his projected 1985 income of approximately $35,000.00 or by use of a method of averaging

his gross income during the years preceding his injuries. In the alternative, Harmon contends that use of an approximation of reasonable value of the worth of his labors, based upon the cost of living and paying for that labor should have been used. Based on the record, these theories would have changed Harmon's temporary total disability benefit rate to $286.00 or $248.00 per week, respectively.

Harmon, in essence, is asking this Court to treat the gross income from his farm as "wages." There can be no doubt but that the term "wages" as defined by § 39-71-116(20), MCA, is predicated upon an employment relationship which generates income from the employer to the employee. The record here is clear that no such relationship existed in Harmon's position as a self-employed farmer. Harmon never paid himself a wage. As we stated in Gee, supra, in providing compensation for a temporary total disability, the legislature chose to restrict the compensation to that based on loss of wages, rather than loss of earnings. Clearly, Harmon suffered a loss of earnings on his farm from his disability. This loss of earnings, however, is noncompensable for purposes of his temporary total disability.

We affirm.

_____
John C. Sheehy
Justice

We Concur:

_____
John Conway Harrison

_____

- 5 -

_____

_____
Justices