OP 20-0276

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 164

FILED

06/23/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0276

MONTANA DEPARTMENT OF LABOR AND
INDUSTRY, EMPLOYMENT RELATIONS DIVISION,

      Petitioner,

  v.

MONTANA THIRTEENTH JUDICIAL DISTRICT
COURT, Yellowstone County, THE HONORABLE
DONALD L. HARRIS, Presiding Judge,

      Respondent.

ORIGINAL PROCEEDING:     Petition for Writ of Supervisory Control
                                  In and For the County of Yellowstone,
                                  Cause No. DV 2019-1737
                                  Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

      For Petitioner:

           Rune Vander Wey, Department of Labor and Industry, Helena, Montana

      For Respondent:

           The Honorable Donald L. Harris, Montana Thirteenth Judicial District
           Court, Billings, Montana

                              Decided: June 23, 2020

Filed:

                              _____
                                     Clerk

Justice Beth Baker delivered the Opinion and Order of the Court.

¶1 Petitioner Montana Department of Labor and Industry, Employment Relations Division (DLI), petitioned this Court for a writ of supervisory control over the Thirteenth Judicial District Court, Yellowstone County, in Cause No. DV 2019-1737. After reviewing DLI's Petition, we granted the employer in the underlying action and the Hon. Donald L. Harris, Presiding Judge, time to respond. Judge Harris has responded in opposition to the petition.

¶2 At issue is the District Court's Order Denying Petition for Judgment. DLI had applied to the District Court for enforcement of judgment against El Corral, a Billings restaurant, on behalf of Jordan Carillo for unpaid wages pursuant to § 39-3-212(1), MCA. DLI did not serve El Corral under M. R. Civ. P. 4, contending that applications for enforcement of judgment do not require service under §§ 39-3-212 and -216, MCA.

¶3 The District Court disagreed with DLI's interpretation of the statutes, concluding that the filing of an application for enforcement of judgment initiates a suit at law and that due process requires service of process under M. R. Civ. P. 4.

¶4 DLI then petitioned this Court for a writ of supervisory control pursuant to M. R. App. P. 14(3). DLI explains that it seeks this Court's ruling because different district courts, both throughout the state and between different divisions within the same district, hold DLI to different standards with respect to service of these applications. Some district court judges do not require service, some require service under M. R. Civ. P. 5, and, as noted, Judge Harris required service under M. R. Civ. P. 4. With this Petition, "DLI seeks clarification of the law for itself, wage claimants, employers, and the courts."

2

¶5 Although DLI fashions its petition as a petition for writ of supervisory control, the relief it seeks is that of a declaratory judgment. As such, we will consider its petition under the criteria set forth in M. R. App. P. 14(4). *See Barrus v. Mont. First Judicial Dist. Court*, 2020 MT 14, ¶ 20, 398 Mont. 353, 456 P.3d 577. Rule 14(4) provides:

> An original proceeding in the form of a declaratory judgment action may be commenced in the supreme court when urgency or emergency factors exist making litigation in the trial courts and the normal appeal process inadequate and when the case involves purely legal questions of statutory or constitutional interpretation which are of state-wide importance.

¶6 We have determined that the present matter meets these criteria. As DLI explains in its petition, the normal appeal process is inadequate because complying with the District Court's order would moot the issue on appeal, and direct appeal is not available at this juncture as there is no final judgment and no adverse party. The issue presented in DLI's petition is purely a legal question of statutory interpretation, the resolution of which is of state-wide importance: As DLI explains, it seeks this Court's determination so that the district courts may apply the law consistently.

¶7 At issue is whether service is required when DLI files an application for enforcement of judgment when it seeks enforcement of a final agency decision in a wage claim action. Sections 39-3-212(1) and -216(1), MCA, respectively, set forth the procedure for enforcing a final agency decision in a wage claim matter:

> A department default order or a decision of the hearings officer, if judicial review is not sought, may be enforced by application by the commissioner to a district court for an order or judgment enforcing the decision. The commissioner shall apply to the district court where the employer has its principal place of business or in the first judicial district of the state. A proceeding under this section is not a review of the validity of the administrative decision.

3

If the department determines that a wage claim is valid and the employer does not appeal the determination, the department may enter a default order against the employer for the amount of wages due and for any penalty assessed pursuant to 39-3-206. The department may enforce the default order pursuant to 39-3-212.

¶8 DLI argues that no service is required under M. R. Civ. P. 4 when it applies for enforcement of judgment in a district court because the respondent employer was served in the administrative process, did not seek judicial review of the administrative determination—which then became final and binding by operation of law—and has no further process due it. DLI asserts that an application for enforcement of judgment is not a complaint or separate cause of action but is "merely the final step in the enforcement of a case that has already been adjudicated in favor of the wage claimant." It argues that the due process concerns Rule 4 is meant to address are not present in these actions because the respondent employer was provided with notice and the opportunity to respond at the administrative level, and the district court may not review the validity of the administrative decision under § 39-3-212(1), MCA. DLI argues that requiring it to effect service under Rule 4 would create a burden upon DLI while failing to advance any due process considerations.

¶9 Judge Harris responds that the burden of service under Rule 4 is minor when balanced against due process considerations. He argues that Rule 4 requires service when initiating a suit at law, and since this Court has previously held that an administrative hearing is not a suit at law, *Thornton v. Comm'r of Dep't of Labor & Indus.*, 190 Mont. 442, 448, 621 P.2d 1062, 1066 (1980), service is required when DLI applies for enforcement of

4

judgment under § 39-3-212(1), MCA. He argues that service furthers due process because it provides a defendant with notice and affords the defendant the opportunity to defend. He further argues that the court has no assurance that the respondent employer knows about the outcome of the administrative matter because there is no certificate of service with DLI's filings.

¶10 In *Thornton*, Thornton filed a wage claim with DLI, which found him to be entitled to part of the wages he sought. It denied his request for attorney fees, however, and Thornton petitioned the District Court for judicial review. The court dismissed his petition. Thornton then appealed to this Court. *Thornton*, 190 Mont. at 443-44, 621 P.2d at 1063-64. In determining whether Thornton could recover attorney fees for his pursuit of the wage claim at the administrative level, the Court looked to § 39-3-214(1), MCA, which provides in part that if an employee must "enter or maintain a suit at law" to recover unpaid wages, the resulting judgment must include reasonable attorney fees "incurred in connection with the proceeding." The Court determined that an administrative hearing is not a "suit at law" and that a determination from such hearing is not a "judgment." Thus, Thornton was only entitled to attorney fees for services rendered for the appeal. *Thornton*, 190 Mont. at 448, 621 P.2d at 1066.

¶11 In this case, neither party requested judicial review of the administrative decision. Therefore, under § 39-3-212(1), MCA, DLI then applied to the District Court for enforcement of judgment because, per the applicable statutes, the administrative decision had become final and binding by operation of law. As DLI points out in its petition, the goal of service is to "give notice to the defendant and thereby afford him the opportunity

5

to defend himself or his property – an essential to due process of law." *Mont. Prof'l Sports, LLC, v. Nat'l Indoor Football League, LLC,* 2008 MT 98, ¶ 31, 342 Mont. 292, 180 P.3d 1142 (citation omitted). Unlike the claimant in *Thornton*, the respondent employer in this case has no remaining opportunity to defend itself or its property, as the administrative decision became final and all appeal deadlines have run. At this stage, the respondent employer has no more process due.

¶12 Furthermore, the administrative process guarantees a respondent employer the right to notice, the opportunity to defend, and the right to seek judicial review. Although Judge Harris also expressed concern that the District Court has no way of knowing if the respondent employer received proper notice at the administrative level, the administrative process requires notification at the outset. Admin. R. M. 24.16.7527(1) ("A claim is commenced when a letter is mailed to the employer by an authorized representative of the commissioner notifying the employer of the claim.").

¶13 Therefore, we agree with DLI that it need not follow M. R. Civ. P. 4 service of process requirements when applying for enforcement of judgment in Montana's district courts in wage claim matters pursuant to § 39-3-212(1), MCA. The administrative process with its attendant right of judicial review provided by the applicable statutes satisfies the due process considerations of respondent employers.

¶14 We conclude, however, that the statutes do not exempt DLI from compliance with M. R. Civ. P. 5, which requires service on every party of, among other documents, "a written notice, appearance, demand, or offer of judgment, or any similar paper." M. R. Civ. P. 5(a)(1)(E). The Rule also requires service of "a written motion and any

6

supporting brief, except one that may be heard ex parte." M. R. Civ. P. 5(a)(1)(D). Even though the Department's enforcement application does not commence a new action, nothing in the governing statutes expresses authority for an ex parte proceeding. Service under Rule 5 may be made by any number of means specified in subsection (b) of the Rule.

¶15 IT IS THEREFORE ORDERED that DLI's petition for original jurisdiction is ACCEPTED and GRANTED as an original proceeding in the form of a declaratory judgment action under M. R. App. P. 14(4).

¶16 IT IS FURTHER ORDERED that DLI is not required to serve the respondent employer in accordance with M. R. Civ. P. 4 when filing an application for enforcement of judgment in a district court pursuant to § 39-3-212(1), MCA, but must give the employer notice under one of the service alternatives prescribed in M. R. Civ. P. 5(b).

¶17 The Clerk is directed to provide notice of this Order to all parties and counsel of record in the Thirteenth Judicial District Court's Cause No. DV 2019-1737, and to the Honorable Donald L. Harris, presiding District Court Judge.

/S/ BETH BAKER

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

7