No. 14435

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

IDABEL McLEISH JORDAN, ARTHUR McLEISH
JORDAN and ROSEMARY J. JORDAN,

Plaintiffs and Appellants,

-vs-

ELIZABETHAN MANOR, et al.,

Defendants and Respondents.

---

Appeal from:  District Court of the Thirteenth Judicial District,
Honorable Charles Luedke, Judge presiding.

Counsel of Record:

For Appellants:

Towe, Ball, Enright & Mackey, Billings, Montana
Gerald Neely argued, Billings, Montana

For Respondents:

Crowley, Haughey, Hanson, Toole & Dietrich, Billings,
Montana
Ronald Lodders argued, Billings, Montana

---

Submitted:  February 6, 1979

Decided: APR 2 5 1979

Filed: APR 2 5 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiffs appeal from an order of the District Court, Yellowstone County, granting partial summary judgment in favor of defendant Elizabethan Manor in an action against it and one other party.

Elizabethan Manor is a condominium project conceived by three Billings developers. Desiring to obtain financing for their project, the developers entered into subscription and purchase agreements with interested individuals in which the individuals agreed to purchase certain units of the condominium to be constructed. In these agreements the prospective unit owners acknowledged receipt of copies and subscribed to the condominium declaration and bylaws. Plaintiff Jordan signed her agreement on September 21, 1971 as indicated by the record before this Court.

On November 21, 1971, the developers purchased the land upon which the condominium units were eventually constructed. On June 1, 1972, pursuant to section 67-2315, R.C.M. 1947, now section 70-23-302 MCA, the developers filed as a preliminary declaration and bylaws, the documents represented by the copies attached to the subscription and purchase agreements. These documents indicated how the condominium would be operated once it was completed and had formal existence, and were virtually identical to the final documents later certified and filed. Between June 15, 1972 and November 9, 1972 the developers executed warranty deeds to the separate units to individuals who had signed the purchase agreements.

The developers on March 22, 1973 filed the final signed declaration, and a certificate that the bylaws had been adopted and signed by two of the developers, one as chairman

-2-

of the board of directors of the association of unit owners and one as secretary of the association. This action was pursuant to section 67-2303, R.C.M. 1947, now section 70-23-103 MCA, and section 67-2320, R.C.M. 1947, now section 70-23-307 MCA. As indicated above, these documents were virtually identical to the copies of documents attached to the subscription and purchase agreements which were acknowledged and subscribed to by each individual subscriber and future owner. On December 11, 1973, at the annual meeting of the defendant association a majority of the association approved the bylaws filed on March 22, 1973, and further ratified all acts of the directors to December 11, 1973.

After the condominium had been functioning for sometime in a communal living arrangement involving plaintiff and the other apartment owners, plaintiff/ Idabel Jordan became dissatisfied with certain aspects of the situation and stopped paying her assessed share of the common expenses as provided for in the bylaws. A series of unpleasant encounters between plaintiff and other members of the association followed.

On August 20, 1974, plaintiff filed a two-count complaint in the District Court for Yellowstone County. Count one named Elizabethan Manor Association as defendant and alleged the statutory procedure for establishing a condominium had not been correctly followed. The first count sought a declaratory judgment as to the rights, status and legal relation between plaintiffs and the association, a complete financial accounting from the association to plaintiff, and an injunction enjoining the association from "acting in a manner contrary to the law and to the rights of plaintiffs with respect to the operation and

-3-

maintenance of said condominium." Count two named as defendant a property management firm which was administering the affairs of the condominium. The partial summary judgment entered by the District Court does not address the second count and that count is therefore not involved in this appeal.

Elizabethan Manor filed an answer and counterclaim denying any failure to comply with the condominium laws and claiming damages for arrearages in the assessment of common expenses. The counterclaim prayed for judgment for the arrearages and foreclosure and sale of plaintiff's interest in the condominium unit pursuant to sections 67-2326 and 2327, R.C.M. 1947, now sections 70-23-607 and 70-23-608 MCA.

Motion for partial summary judgment as to the matters concerning them was made by Elizabethan Manor Association on October 28, 1976. After briefs had been submitted by both parties, the District Court entered an order of partial summary judgment in favor of the association to the extent the final declaration and bylaws of the condominium were valid and enforceable and the association was entitled to judgment against Mrs. Jordan for arrearages in the assessment for admitted common expenses. The court reserved judgment on expenditures not admitted by plaintiff. Foreclosure was granted but stayed on the condition the amount of admitted common expenses due be made current forthwith and thereafter paid regularly when due. The order of partial summary judgment was made final by certification pursuant to Rule 54(b), Mont.R.Civ.P. on April 24, 1978. This appeal followed.

Elizabethan Manor cross-appealed from that portion of the partial summary judgment entered by the District Court which denied respondent its attorney fees as claimed in its motion for summary judgment.

-4-

Before proceeding with a discussion of the merits in this appeal it is necessary to indicate the scope of our consideration of this case. This matter is before this Court on an appeal from a partial summary judgment, properly certified as final, declaring only that the final declaration and bylaws were valid and thus the condominium had proper existence, defendant Elizabethan Manor was entitled to a judgment for plaintiffs'share of admitted expenditures, and that defendant Elizabethan Manor was entitled to a foreclosure of its lien for such expenditures. Such foreclosure was stayed upon the condition the plaintiff pay her share of expenses determined as due and owing and thereafter regularly pay the assessed share of common expenses. These are the only matters which have been finally determined by the District Court. It has reserved issues on the remaining challenged expenses and thus still has jurisdiction over these two parties. We therefore decline plaintiff Jordan's invitation to rule on issues not addressed by the District Court, preferring to wait until a final judgment on those issues has been presented to us. See Rule 1, Mont.R.App.Civ.P.

In reviewing an appeal from a summary judgment this Court's concern is whether the moving party is entitled to judgment on the law applicable to the facts established by the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits appearing in the record. Audit Services, Inc. v. Haugen (1979), ____ Mont. _____, 591 P.2d 1105, 36 St.Rep. 451; State v. Jennings (Alaska 1976), 555 P.2d 248; Cherry v. Vanlahi, Inc. (1975), 216 Kan. 195, 531 P.2d 66; Rule 56(c), Mont.R.Civ.P. Reviewing the record it is apparent the only issue in this appeal between these parties is the validity of the procedure establishing the condominium project. Plaintiff has admitted expenditures forming the basis of the judgment, questioning only their validity as to the authority of the condominium

-5-

to make the assessment, alleging it was not properly formed. Thus, we are able to frame the issues presented by this appeal in the following manner. First, was the District Court correct in ruling the final declaration and bylaws were valid? Second, was it proper for the District Court to stay the foreclosure of the lien upon the condition plaintiff Idabel Jordan regularly pay the future charges not yet assessed? Third, was the amount of the judgment here correctly computed? Finally, is defendant Elizabethan Manor entitled to attorney fees in this action?

The initial issue presents a question of first impression to this Court which involves the statutory construction of provisions of the Montana Unit Ownership Act, sections 67-2301, et seq., R.C.M. 1947, now sections 70-23-101, et seq., MCA. Section 67-2303, R.C.M. 1947, as it read at the times pertinent hereto stated that in order to submit any property to the provisions of the act a "declaration" must be recorded by the owner of the property. Section 67-2304, R.C.M. 1947, now section 70-23-401 MCA, indicates that once the property is submitted to the act the individual units may be conveyed, encumbered or subjected to other "juridic acts". Section 67-2302, now section 70-23-102 MCA, defines "unit" as a part of the property intended for independent use; "unit owner" as a person owning a unit in fee simple; and "association" as all the unit owners acting in accordance with the declaration and bylaws.

Plaintiff argues the statutory requirements for establishment of a condominium project have not been complied with and therefore the assessments made against her unit are without legal authority. This argument is based on the contention that when the final declaration, which was

-6-

signed by the developers, was filed in March 1973 the developers were not "owners" and thus not capable of executing that document. The developers had previously executed subscription agreements and warranty deeds to the units to the prospective grantees and thus, contends plaintiffs were not owners of the property entitled to file the declaration. Plaintiffs also contend the bylaws were improperly adopted and certified. These bylaws were signed and certified by the developers as owners and officers of the association and were filed simultaneously with the final declaration on March 22, 1973. Because the developers were not owners as plaintiffs have previously argued, and because the bylaws were not adopted by each of the persons to whom the developers had executed warranty deeds and were not certified by officers of an association of those persons, plaintiffs contend the bylaws were in-effectual and actions taken pursuant to those bylaws were without legal authority. We do not agree with this argument.

The filing of the final declaration is the most significant event in the establishment of a condominium. It is this action which subjects the property in question to the provisions of the act and it is this subjection which allows the units of the condominium to be conveyed as "individual" units. In construing an act very similar to Montana's, the Hawaii Supreme Court stated that the filing of the final declaration submitting the property to the provisions of the act "makes the property susceptible to conveyance of individual units." State Savings & Loan Association v. Kauaian Development Co. (1969), 50 Haw. 540, 445 P.2d 109, 116 (emphasis added.) Our own statute indicates, as did the Hawaiian provision, that it is only while the

-7-

property is submitted to the Unit Ownership Act, via the final declaration, that a unit may be individually conveyed and encumbered. Section 67-2304, R.C.M. 1947, now section 70-23-401 MCA. We therefore conclude that until the final declaration is filed those who are the fee owners of the condominium project are the fee owners of the units of the project. As such, these persons are the parties contemplated by statute to sign and file the final declaration. Section 67-2303, R.C.M. 1947, now section 70-23-103 MCA. In the present case the developers of the project were such parties and did so validly file the final declaration. Because no units may be individually conveyed, or encumbered until the final declaration is filed submitting the property to the act, the subscription agreements and warranty deeds divested the developers of no interest in the property until the final declaration was filed;, thus they remained the fee owners until that time. See, 15A Am.Jur.2d Condominiums §26, p. 855.

Having determined the final declaration was properly executed and recorded, we now consider plaintiffs' arguments with respect to the bylaws. As we have stated above, the fee owners of the units until the final declaration is recorded, and thus "unit owners" by statutory definition (section 67-2302(14), R.C.M. 1947, now section 70-23-102(17) MCA), are those persons who own the condominium project, here the developers. The statutory scheme requires all unit owners to adopt the bylaws by which the association of unit owners is governed and for the presiding officer and secretary of the association to certify these bylaws. This certification must be recorded simultaneously with the recording of the final declaration. Section 67-2320(2), R.C.M. 1947, now section 70-23-307(2) MCA. The developers

-8-

in this case signed the bylaws as unit owners and certified the bylaws as officers of the association of unit owners of which they were the sole members. Appellant argues this procedure was not valid. We conclude it was valid. Until the final declaration is filed, the fee owners of the project are the fee owners of the units and thus the "unit owners". As "unit owners" they are the "association" who must adopt bylaws and whose officers must certify the bylaws, such certificate to be recorded simultaneously with the final declaration. This is what happened in the present case and which we determine was not improper. We note, moreover, that in the present case all future unit owners, including plaintiff, affirmed virtually the same declaration and bylaws when they signed the subscription and purchase agreements. Furthermore, once the final declaration was recorded thus giving life to the otherwise inert warranty deeds to the individual purchasers, these owners then constituted the association and could amend the bylaws if they desired.

We therefore hold the District Court was correct in its conclusion the condominium was properly formed and affirm the summary judgment on this point.

We now must consider whether the District Court could correctly stay the foreclosure of the lien provided for by statute upon the condition the plaintiff pay all overdue assessments determined to be owing and to regularly pay all future assessments for common expenses. We note preliminarily that section 67-2326(1), R.C.M. 1947, now section 70-23-607(1) MCA provides for a lien against the individual unit for common expenses. This lien is perfected by filing a claim containing a true statement of the account due for such common expenses. Section 67-2326(2), R.C.M. 1947,

-9-

now section 70-23-607(2) MCA. The lien in this case was properly perfected to the extent of the supporting account. Because the condominium project was validly established the expenditures plaintiff/has admitted are
                                                    Idabel Jordan
proper as against her and thus the lien could be foreclosed. The question that remains is whether the District Court could impose a stay with respect to the payment of current and future assessments.

Section 67-2326(1), R.C.M. 1947, now section 70-23-607(1) MCA, provides for a lien upon the individual unit for all common expenses chargeable to that unit. The defendant association perfected its lien in the manner provided for in section 67-2326(2), R.C.M. 1947, now section 70-23-607(2) MCA and it is this lien defendant association sought to foreclose in its counter-claim. The District Court granted the foreclosure but stayed its execution upon the condition
                                        Idabel
set forth above. However, if plaintiff/Jordan complies with that part of the condition requiring payment of common expenses currently due and owing, the lien of the defendant association is extinguished. Payment of the debt upon which a lien is based extinguishes the lien, and thus here also the foreclosure based upon it. Bushman Construction Co. v. Air Force Academy Housing, Inc. (10th Cir. 1964), 327 F.2d 481, 485; Richter v. Walker (1951), 36 Cal.2d 634, 226 P.2d 593, 599; 57 C.J.S. Mechanics Liens §247. The debt in this case obviously consists only of those assessments due up until the time of judgment of foreclosure or otherwise as any future assessments are undetermined and not yet in issue. In this circumstance there is nothing to stay with respect to payment of future assessments, as payment of currently due and owing assessments extinguishes

-10-

the lien and thus the basis for foreclosure. We therefore modify the District Court's partial summary judgment by striking that portion of the judgment staying the execution of foreclosure on the condition the plaintiff "thereafter regularly pay the common expenses as assessed when due . . ." and by limiting the stay to the condition plaintiff pay those expenses determined by the District Court as currently owing.

We are next asked to consider the correctness of the District Court's computation of plaintiff/Jordan's [Idabel] share of admitted expenditures. Defendant Elizabethan Manor has agreed with plaintiff/Jordan's [Idabel] argument that the amount of common expenses plaintiff has paid should be deducted from her assessed share and not from the total common expenditures before computing her share as was done by the District Court. The only question remaining are the numbers to be used in this computation. Plaintiff/Jordan [Idabel] argues she has been assessed twice for amounts placed in reserve accounts and would therefore not include those amounts in her computation. The bylaws of the association, which we have upheld herein, clearly provide for such reserves. See, Bylaws, Art. VI, §1(d). The maintenance of such reserves by condominium associations has been judicially sanctioned. Association of Unit Owners of the Inn of the Seventh Mountain v. Gruenfeld (1977), 277 Ore. 259, 560 P.2d 641, 644. Because plaintiff has not paid any expenses except for the amount credited below, she could not have already made her contribution to the reserve account and thus is not being twice assessed for the same expense. The judgment of the District Court is therefore modified to comport with the following computation.

-11-

| | |
|---|---|
| Total of association checks for common expenditures Sept. 1972 - October 1976 | $31,167.31 |

Less:

| | |
|---|---|
| Total of checks not "admitted" reserved by the court | 4,840.44 |
| Total to be divided fourteen ways (Fourteen individual units) | 26,326.87 |
| One-fourteenth of above | 1,880.49 |

Less:

| | |
|---|---|
| Jordan payment | 654.75 |
| Total due by Jordan under judgment dated April 24, 1978 | $1,225.74 |

The final matter in this appeal is defendant association's claim for attorney fees. Defendant is correct in its statement that this Court has held attorney fees are available when provided for in an agreement between the parties to a lawsuit. Kintner v. Harr (1965), 146 Mont. 461, 408 P.2d 487. In this cause the declaration provided for recovery of attorney fees by the prevailing party in litigation resulting from the default of payment of common expenses. Final Declaration, §16(a),(c). The operative words are "the prevailing party". As this action now stands we do not perceive a prevailing party with respect to a final, complete judgment. The District Court has only decided, and we have affirmed, that the condominium was validly formed and that the defendant is entitled to a judgment of $1,225.74. There remains to be decided the validity of plaintiffs' assessed share of over $4,800.00 in common expenses and the necessity of an accounting. A prevailing party is the one who has an affirmative judgment rendered in his favor at the conclusion of the entire case. Ennis v. Ring (1959), 56 Wash.2d 465, 341 P.2d 885, 889. The entire case here has not been concluded as between these two parties. We therefore affirm the District Court's ruling

at this point that each party bear their own attorney fees.

Judgment modified in part and affirmed in part, and remanded for further proceedings in accordance with this opinion. The parties shall bear their own appeal costs.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices