No. 86-330

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

VERNON HOVEN,

        Plaintiff and Respondent,

-vs-

WILLIAM F. AMRINE and LARRY VERVICK,

        Defendants and Appellants.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lawrence F. Daly; Garlington, Lohn & Robinson,
        Missoula, Montana

    For Respondent:

        Christopher B. Swartley; Datsopoulos, MacDonald
        and Lind, Missoula, Montana

---

Submitted on Briefs: Sept. 25, 1986

Decided:    October 30, 1986

Filed: OCT 5 1986

*Ethel M. Harrison*
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

William Amrine and Larry Vervick appeal from a judgment of the District Court, Fourth Judicial District, Missoula County, awarding attorney fees to Vernon Hoven. We affirm the District Court's award.

Hoven, Amrine and Vervick were equal shareholders in the Missoula accounting firm of Hoven, Vervick & Amrine. In July, 1979, Amrine and Vervick entered into an agreement to purchase stock from Hoven. The agreement provided for the award of attorney fees in the event a lawsuit was brought to enforce any of the provisions of the agreement.

In June, 1985, Hoven served default notices on Amrine and Vervick for failing to pay for the stock they had purchased. Vervick and Amrine then brought suit in the District Court to have the notices declared void. Hoven responded with a suit against Amrine and Vervick seeking an injunction and damages. The District Court consolidated the two cases, and after a show cause hearing on June 25, 1985, issued a preliminary injunction against Amrine and Vervick, restraining them from taking any action which might negatively affect the value of the corporation or its stock.

Amrine and Vervick continued to manage the day-to-day business of the corporation. In August, 1985, the corporation experienced cash flow problems and was unable to meet certain obligations, including state and federal payroll taxes. Amrine and Vervick, through their attorney, attempted to contact Hoven, in order to obtain a stipulation for the sale of a corporate asset to raise money. Their attorney was unable to elicit a response from Hoven's attorney, and they

finally filed a motion to modify the preliminary injunction. A hearing on this motion was held August 30, 1985. At the hearing, Hoven testified he had no substantive objections to the sale. The District Court granted the first two paragraphs of Amrine and Vervick's petition for modification, deferring action on the remaining three issues.

In October, 1985, the District Court ruled that the default notices were valid, and that Hoven was entitled to recover attorney fees pursuant to the stock purchase agreement. In November, the court held a hearing to set the attorney fee award. Hoven was awarded fees for all attorney services between June 14 and July 9, 1985. The court reserved ruling on which party was entitled to recover fees for the period after July 9, 1985. Finally, in April, 1986, the District Court granted Hoven attorney fees for the post-July 9 period, and denied Amrine and Vervick's request for the same.

Amrine and Vervick raise two issues on appeal: Whether Hoven was entitled to an award of attorney fees for the post-July 9 period, and if so, whether those fees were reasonable? Additionally, respondent Hoven requests attorney fees for this appeal.

Attorney fees are allowed when they are provided for by statute or contractual provision. Jordan v. Elizabethan Manor (1979), 181 Mont. 424, 434, 593 P.2d 1049, 1055. In this case, the stock purchase agreement had a clause which provided:

> a. Attorney Fees. In the event suit is brought to enforce any of the provisions of this agreement, the prevailing parties shall be entitled to costs of suit and any appeals thereon, including reasonable attorney's fees.

Amrine and Vervick argue that the attorney fees awarded for the August 30 hearing for modification of the preliminary injunction do not fall under the contract provision cited above. They argue that the modification of the injunction to allow sale of a corporate asset has nothing to do with enforcement of the provisions of the stock purchase agreement.

We disagree. The main issues before the District Court were whether or not the stock purchase agreement had been breached by the failure of Amrine and Vervick to tender payment to Hoven, and whether the default notices were valid. These were complex issues which the court ultimately decided in favor of Hoven in October, 1985. In the interim, while the court was resolving the issues, a temporary injunction was necessary to prevent Amrine and Vervick from dissipating the assets of the corporation. The August 30 modification of the injunction was necessary in order to allow the corporation's operations to continue. We find, as did the District Court, that the injunction and its modification were one facet of the litigation whose main issues were the validity of the default notices and breach of contract.

The party who prevails on the main issue of a case is entitled to costs. Medhus v. Dutter (1979), 184 Mont. 437, 447, 603 P.2d 669, 674. A prevailing party is one who has an affirmative judgment rendered in his or her favor at the conclusion of the entire case. Jordan v. Elizabethan Manor, 181 Mont. at 434, 593 P.2d at 1055. Medhus concerned costs under §§ 25-10-101 and 25-10-102, MCA, while Jordan related to attorney fees by contract. The interpretation in these cases of "prevailing party" is applicable here. The District Court found that Amrine and Vervick were not prevailing

- 4 -

parties; not only did Hoven prevail on the main issues of the case, but the court granted only two of the five requests made in Amrine and Vervick's petition to modify. The court's award of attorney fees in this case was proper.

Amrine and Vervick's second argument is that the attorney fees incurred by Hoven are unreasonable since those fees would not have been incurred if Hoven had stipulated to the sale of the asset rather than force them to petition the court for a modification of the injunction. The District Court found that where parties are able to stipulate to an issue, matters may be more quickly resolved--but that the failure to stipulate to an issue is not necessarily unreasonable in an adversarial setting where the parties are unable to reach an agreement. The court found that by participating in the hearing, whether or not it was reasonable or necessary, both parties incurred expenses and attorney fees.

We hold the District Court did not abuse its discretion by awarding attorney fees to Hoven, including those incurred by his attorney from the August 30 hearing. The District Court awarded attorney fees to the party prevailing on the main issues of the case. It is not reasonable to require the District Court to keep a running tally of "points scored" by each side in order to apportion costs and attorney fees at the end of every lawsuit. Our adoption of the prevailing party rule in Medhus v. Dutter, supra, obviates that requirement.

Order of the District Court is affirmed, and the cause remanded for determination of respondent's costs and attorney fees for this appeal.

_____
                    Justice

We Concur:

_____
            Chief Justice

_____

_____

_____
            Justices

- 6 -