No. 88-529

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

HOVEN, VERVICK & AMRINE, P.C.,

        Petitioner and Appellant,

  -vs-

MONTANA COMMISSIONER OF LABOR, and
MONTANA DEPARTMENT OF LABOR AND
INDUSTRY,

        Respondents and Respondents.

---

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. Daniel Hoven; Browning, Kaleczyc, Berry & Hoven,
        Helena, Montana

    For Respondent:

        Elizabeth Griffing, Dept. of Labor & Industry, Helena,
        Montana
        Milodragovich, Dale & Dye; Lon J. Dale, Missoula,
        Montana  (Vervick)
        Garlington, Lohn and Robinson; William T. Wagner,
        Missoula, Montana  (Amrine)

---

Submitted on Briefs:  March 9, 1989

Decided:    June 15, 1989

Filed:

_____
               Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Hoven, Vervick and Amrine, P.C. appeals from a decision entered against it in the First Judicial District Court, Lewis and Clark County. The District Court held that the July 31, 1987 order of the Commissioner of Labor and Industry in favor of Larry Vervick and William Amrine be affirmed and awarded attorney fees and costs to Vervick and Amrine. That judgment awarded the respondents the following:

Larry Vervick:                    $56,919.15
representing unpaid wages of $26,015.05 and a statutory penalty of $26,015.05 pursuant to § 39-3-206, MCA plus costs and attorney fees of $4,889.15. Interest is to accrue on the wage and penalty award of $52,030.10 at a rate of 10% per annum from August 30, 1987 to the date of the district court judgment August 16, 1988. Interest is to accrue at 10% per annum on the entire amount, $56,919.25, from and after August 16, 1988.

Bill Amrine:                      $25,472.27
representing wages of $11,681.07 and the statutory penalty in the same amount, $11,681.07, plus costs and attorney fees of $2,110.37 with interest to accrue on the $23,362.14 award at 10% per annum from August 30, 1987 to August 16, 1988 and to continue to accrue on the $25,472.27 at 10% per annum from and after that date.

The court also awarded respondents any future costs and attorney fees incurred in satisfying this judgment. We affirm.

The issues before this Court are:

1. Did the District Court err by applying a narrow standard of review which prevented it from examining undisputed facts and applying those facts to controlling statutes?

2. Can owners/shareholders/directors of closely-held corporations, who meet the applicable statutory definition of employer, recover wages under the Montana Wage Payment Act?

3. Was the Department of Labor's finding that Vervick was an employee and not a volunteer from October 7, 1985 to January 15, 1986 clearly erroneous?

4. Did the Department of Labor and the District Court abuse their discretion when they failed to provide offsets to the awards of wages to prevent a windfall?

5. Did the Department of Labor violate its own regulations and the Montana Administrative Procedure Act by designating the hearing examiner's decision as final without allowing for the filing of exceptions?

This case stems from a dispute which arose in Hoven v. Amrine (Mont. 1986), 727 P.2d 533, 43 St.Rep. 1977. That dispute culminated in an appeal to this Court in which Hoven received an award of attorney fees for his attempt to enforce the provisions of an agreement whereby Amrine and Vervick were to purchase stock from Hoven. Hoven served default notices on Amrine and Vervick who brought an action in District Court to have the notices declared void. Hoven prevailed in that cause and forthwith dismissed Amrine and Vervick from employment. That dismissal is the subject of the present appeal which is based on the following circumstances:

Prior to July 1, 1979, Larry Vervick and Vern Hoven operated a general partnership for the practice of certified public accounting in Missoula. On July 1, 1979, Hoven, Vervick and Amrine formed a corporation in which each held one-third of the shares. On that same date, Vervick and Amrine entered into agreements as employees of the corporation. Hoven entered into a similar employment agreement.

- 3 -

In 1985, David Green was added to the corporation as a shareholder, diminishing the ownership to 25% per shareholder. From July 1, 1979 to October 7, 1985, Vervick, Amrine and Green served on the board of directors, on the executive committee and as officers of the corporation. Hoven served in the same capacities from July 1, 1979 through August, 1983. He resumed those positions again on October 7, 1985 as sole shareholder, sole director and president of the corporation after litigation in which he demanded the return of Vervick's and Amrine's shares to the corporation due to their failure to pay for the same among the four principal owners. Hoven v. Amrine, supra.

Part of the initial disagreement emanated from a salary increase Vervick and Amrine made to themselves in May, 1985. In a special meeting of the board of directors, the board approved staff raises including an increase in the owner's salaries from $40,000 to $44,000 and declared previous loans to the owners to be bonuses. These raises were recommended by the executive committee consisting of Vervick, Amrine and Green.

In August, 1985, the corporation was experiencing cash flow problems. Because of this circumstance the four shareholders worked without salaries. Then problems arose between Hoven and the other three shareholders. Hoven regained absolute control of the corporation through court proceedings. He then terminated Amrine and Vervick as employees. He told Vervick that he was no longer a shareholder in the corporation but offered a joint venture to him. Hoven, through a director's resolution, rescinded Vervick's and Amrine's salary increases retroactively. Vervick did not respond in writing to Hoven's new offer, but continued to work under the HVA name and completed several large contracts that he had entered into as a principal of

- 4 -

the corporation. Vervick later took with him some of those contracts when he left HVA and formed his new corporation. The monies he generated prior to his leaving went into HVA and went to pay off debts that totalled $232,000.00 on October 7, 1986. Vervick terminated his employment with the corporation on January 15, 1986. On October 3, 1986, he filed a wage claim with the Montana Department of Labor and Industry (Department). He claimed past wages in the total sum of $16,015.05. Amrine filed a wage claim on October 18, 1985 for $8,544.60. These claims were against HVA. The wage claim was based on a salary of $44,000.00 per year. Green had issued a corporate check to himself for accumulated vacation pay when he was terminated by Hoven. HVA never pursued him to recover that payment.

A hearing examiner appointed by the Department held a hearing on June 11, 1987. The hearing examiner issued the final order on July 31, 1987 in favor of Vervick and Amrine. It ordered HVA to render a cashier's check or money order in the amount of $75,392.24 as wages and statutory penalty in favor of Vervick and Amrine, made payable to the Employment Relations Division, no later than thirty days after service of the order. The amount ordered to be paid to Vervick was $52,030.10. HVA filed a petition for judicial review of the Department's final order. The District Court affirmed the Department's decision and issued a final judgment on August 17, 1988. Notice of entry of judgment was filed on August 23, 1988. HVA then filed notice of appeal to this Court on October 21, 1988. Under Rule 5, M.R.App.P., a 60 day period is allowed for appeal when a governmental agency is a party.

The first issue we must examine is whether the District Court erred by applying an incorrect standard of review.

The standard of review of administrative decisions is set forth in § 2-4-704, MCA.

. . . (2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

. . .

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;

(f) arbitrary and capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion;. . .

Traditionally, review of agency decisions is not intended to be a de novo consideration of findings of fact made by the agency. Because of the standard of review prescribed by the foregoing statute, the party appealing from an agency decision to the District Court has the burden of showing that his rights were substantially prejudiced by an arbitrary or capricious or a clearly erroneous agency decision. Carruthers v. Board of Horse Racing (1985), 216 Mont. 184, 700 P.2d 179. A rebuttable presumption exists in favor of the agency decision. Thornton v. Commission of Labor and Industry (1980), 190 Mont. 442, 621 P.2d 1062, 1065.

The appellant contends that an issue which raises only a question of law determined by the District Court or by an agency is not binding on this appellate court, which is free to draw its own conclusions from the evidence presented. Sharp v. Hoerner Waldorf Corp. (1978), 178 Mont. 419, 423, 584 P.2d 1298, 1300.

To settle the issue for purposes of this case, where the appellant disputes a finding of fact made by the agency, the action of the agency will be sustained unless the finding of fact is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or unless the findings are arbitrary or capricious or characterized by an abuse of discretion by the agency. Section 2-4-704, MCA. If the issue involves a question of law, this Court is not bound by the interpretation of law either by the agency or the District Court. Sharp, supra.

The next issue raised by the appellant is indeed an issue of law. The appellant contends that since it is a professional corporation, it is absurd to construe the provisions of the Montana Wage Payment Act, and particularly the definitions contained in § 39-3-201, MCA, so that shareholders, owners and directors who hold a proprietary interest in the company may also be considered employees for the purpose of collection of wages under the Act. Under § 39-3-201, an "employer" includes any corporation acting directly or indirectly in the interest of an employer in relation to an employee; and "employee" is defined as any person who works for another for hire.

In Hammill v. Young (1975), 168 Mont. 81, 540 P.2d 971, this Court held that a professional, if truly an employee, is entitled to be covered as an employee under the Wage Payment Act. Here the appellant contends that Hammill can be distinguished because the professional was not a shareholder and held no ownership interest in the corporation. The District Court, however, concluded that in construing § 39-3-201, both Vervick and Amrine were indeed employees of the professional corporation and that this entitled them to the benefits of the Act.

We determine that the District Court correctly interpreted § 39-3-201 as it applies to this case. The professional corporation clearly falls within the definition of an employer under the section, which means that the corporation itself had a separate and distinct identity from its stockholders. Moats Trucking Company, Inc. v. Gallatin Dairies, Inc. (Mont. 1988), 753 P.2d 883, 885, 45 St.Rep. 772, 775. It is further clear that the definition of an "employee" within the meaning of the section covers Vervick and Amrine. They had entered into contracts of employment with the professional corporation, a separate legal entity. The employment contract between the corporation and the employees specifically provided that their relationship under the contract was that of an employer and an employee. It would be idle for the District Court or for this Court to disregard the clear language of the employment contracts or the clear language of the statute. Where clarity abounds, it is not the business of the courts to carve out exceptions.

The next issue raised by the appellant corporation is whether the appellant Vervick is not entitled to any wages from October 7, 1985 to January 15, 1986. Hoven testified that he had terminated Vervick. Vervick claims that he was never terminated as an employee of HVA. Hoven contended that he offered to Vervick a joint venture relationship to finish existing contracts which were required to be fulfilled by HVA. The hearing officer found that Vervick remained after October 7, 1985 as an employee. Moreover, the hearing officer found that there was no joint venture. The findings with respect to this issue are clearly supported by substantial evidence in the whole record. Vervick was not a volunteer but worked as an employee during the time following October 7, 1985, and the corporation was paid for the work done by Vervick during that period of time. As a

corporation, the employer received the benefits of the contracts through the efforts of its employee, Vervick.

The next issue raised by the appellant corporation is that if wages are to be awarded in this case, reductions should have been made by the Department to avoid an inequitable result.

The contention of the appellant here is a bit involved. The Department awarded wages based on a yearly salary of $44,000.00 to each of the employees. The $44,000.00 was premised on an action taken by the board of directors in May, 1985, when Vervick and Amrine were both members of the board. The corporation contends that the award of these salaries placed HVA in violation of loan provisions established by the Small Business Administration. Also in May, 1985, the board of directors declared loans, which Vervick and Amrine had previously received from HVA, as bonuses.

When Vern Hoven became the sole shareholder in October, 1985, the board of directors rescinded the corporate actions taken in May, 1985.

The Department and the District Court recognized the yearly wage of the employees to be $44,000.00 pursuant to the earlier actions of the board of directors and gave no legal import to the later action of the board of directors rescinding those actions. The corporation contends, on appeal here, that the Department and the District Court thus sanctioned the actions taken by the board of directors when Vervick and Amrine were members of the board, and disapproved of the actions taken by the board when they were not members and Hoven was the sole shareholder. The appellant corporation contends that it is arbitrary and capricious for the Department to recognize one set of actions taken by the board of directors and to refuse to acknowledge a second set of actions taken by the board.

The District Court determined that upon of the adoption of the resolution increasing the salaries to $44,000.00, the resolution then became the obligation of the corporation to those employees and a subsequent action by the board of directors could not rescind a previous action if the rescission would disturb vested rights. We determine that once the corporation obligated itself to pay the wages at an annual rate of $44,000.00, the same corporation could not retroactively, by an action of a different board of directors, take back what had become the obligation of the corporation.

A sub-issue on this point is that both Vervick and Amrine, as well as Hoven, had made personal guaranties to the Small Business Administration of loans made by that Administration to the professional corporation. The appellant corporation contends that since Vervick and Amrine were personal guarantors of those loans, the award of wages to them without a reduction for their personal guarantees results in a double benefit. Obviously, this contention has no merit. The obligations of Vervick and Amrine as personal guarantors of loans made to a third party, in this case, the Small Business Administration, has no affect on the amount of wages owed by the corporation to Vervick and Amrine. Their obligations as personal guarantors are separate and apart from their status as employees entitled to payment of wages by the corporation under the Montana Wage Payment Act. The appellant corporation has shown no legal basis upon which a reduction of the wages should have been made by the agency or the District Court.

The last contention made by the appellant corporation is that since the order of the hearing examiner before the agency became the final order, the designation of the hearing examiner's decision as "final" violates § 2-4-621, MCA.

- 10 -

Section 2-4-611, MCA authorizes a hearing and an appointment of a hearing examiner under the Administrative Procedure Act. Appellant corporation contends that nothing in § 39-3-210, MCA, or any other provision allows the Commissioner of Labor to delegate the final decision-making authority to an appointed hearing examiner. The appellant points to the Department's regulation, § 24.2.101(1)(b), A.R.M., which reads:

> If a majority of the officials of an agency who are to render the final order were not present at the hearing of a contested case or have not read the record, a proposed order if adverse to a party to the proceeding other than the agency, including findings of fact and conclusions of law, shall be served upon the parties. An opportunity to file exceptions, present briefs and make oral argument to the officials who are to render the decision shall be granted to all parties adversely affected. If no appeal is taken within twenty (20) days, the decision of the hearing examiner shall be final.

The District Court determined that the Commissioner of Labor and Industry is charged with the responsibility of investigating wage claims and holding hearings in the enforcement of the Wage Payment Act under §§ 39-3-209 and 39-3-210, MCA. Further, under § 2-15-112(2)(b), MCA, the Commissioner, as the head of the Department of Labor and Industry, may delegate these functions to a subordinate employee. Section 24.2.101, A.R.M. allows the decision of an appointed hearing examiner to be a final order. Therefore, the District Court declared that there is no error in the designation of the hearing examiner's order as final.

The District Court correctly determined the issue. It should be further noted that the statutory authority of the Commissioner of Labor and Industry refers to a single individual and not to a number of officials, who in other agencies, may be required to reach a final decision. The

- 11 -

cited section of Administrative Rules of Montana is not applicable to wage payment cases and the Department of Labor and Industry and its Commissioner have established a workable procedure for determining issues in wage payment claims under the provisions of the applicable acts.

We therefore affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices