No. 87-568

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

TRUSTEES, MISSOULA COUNTY SCHOOL
DISTRICT NO. 1,

        Petitioner and Respondent,

  -vs-

CAROL ANDERSON, MIKE BOWMAN, MISSOULA
COUNTY SUPERINTENDENT OF SCHOOLS; and
ED ARGENBRIGHT, SUPERINTENDENT OF PUBLIC
INSTRUCTION,

        Respondents and Appellants.

---

APPEAL FROM: District Court of the Fourth Judicial District,
          In and for the County of Missoula,
          The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Emilie Loring, Big Fork, Montana

    For Respondent:

        Robert L. Deschamps, County Attorney, Missoula,
        Montana
        Rick Bartos, Office of Public Instructon, Helena,
        Montana

---

Submitted on Briefs: May 26, 1988

Decided: July 13, 1988

Filed: JUL 1 3 1988

*Ethel M. Harrison*

---
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


In an administrative proceeding, the State Superintendent of Public Instruction concluded that the Missoula County Superintendent of Schools properly found that the petitioners, Board of Trustees for the Missoula County School District No. 1, failed to carry its burden of proof that respondent Carol Anderson was incompetent to teach in the classroom in the Missoula county schools. The District Court of the Fourth Judicial District, Missoula County, reversed the decision of the State Superintendent of Public Instruction. The respondent, Anderson, appeals. We reverse.

The sole issue presented to this Court for review is whether the District Court abused its discretion in substituting its judgment for that of the State Superintendent of Public Instruction?

Respondent Carol Anderson holds a Montana elementary teaching certificate with special education and elementary curriculum endorsements. She was a tenured teacher employed by the Missoula school district from 1970 to 1983. During those thirteen years, Anderson taught, along with two other teachers, special education in a self-contained team teaching environment. Throughout Anderson's thirteen years of teaching, seven separate administrators gave her satisfactory evaluations for her teaching performance in the classroom. The evaluations indicated that she performed ably and well above a minimum sufficiency level.

Anderson requested and was granted an unpaid leave of absence for the 1983-84 school year. During that year, enrollment declined in the special education, self-contained program and the administrators determined that two teachers

were sufficient to handle the program. In the spring of 1984, Anderson accepted a contract from the Board of Trustees for the Missoula County School District No. 1 (Board of Trustees) for the 1984-85 school year. As a consequence of her previous position being eliminated, the administrators had planned to transfer Anderson to some other teaching position available within the district.

The Board of Trustees adopted a written policy in 1983 requiring teachers seeking positions with the district or teachers requesting a voluntary transfer within the district to participate in a structured interview for available teaching positions. These interviews are a series of questions prepared by those responsible for the program. Each question has an anticipated response drawn from the Board of Trustees' policy and curriculum. Anderson, an involuntary transferee, participated in four structured interviews during the summer of 1984 and did not perform well in any of the four interviews.

Based upon the four structured interviews and the subsequent recommendation of the school administrators, the Board of Trustees dismissed Anderson on September 10, 1984 for incompetence. When making this determination of incompetency, the Board of Trustees apparently did not consider Anderson's satisfactory classroom performance. As a result of this finding, the Board did not place Anderson in any of the teaching positions available in the district.

Anderson sought administrative review of the Board of Trustees' action. Pursuant to Montana Administrative Procedure Act (MAPA), §§ 2-4-101 to -711, MCA, the Missoula County Superintendent of Schools held a hearing and concluded that the Board of Trustees did not meet their burden of proof that Anderson was incompetent to teach in the Missoula county schools. In making this conclusion of law, the County

- 3 -

Superintendent of Schools noted that the Board of Trustees relied solely on Anderson's four structured interviews and apparently did not consider Anderson's thirteen years of classroom teaching and the satisfactory evaluations she received from the principals who observed her ability to perform in the classroom. The State Superintendent of Public Instruction affirmed the County Superintendent's conclusions. The Board of Trustees sought review from the Fourth Judicial District Court, Missoula County, which reversed the State Superintendent's decision, finding that the Board of Trustees meet their burden of proof that Anderson was incompetent to teach in one of the available teaching positions in the district.

The sole issue Anderson raises on appeal is whether the District Court abused its discretion in substituting its judgment for that of the State Superintendent of Public Instruction?

When confronted with reviewing an administrative decision, as in the present case, this Court recognizes that a rebuttable presumption exists in favor of the agency's decision and that the burden of proof is on the party attacking it to show that it is erroneous. Thornton v. Commissioner of Dept. of Labor and Industry (Mont. 1980), 621 P.2d 1062, 1064-65, 37 St.Rep. 2026, 2028. This Court also recognizes that judicial review of an administrative decision is limited in nature. When reviewing an agency's findings of fact, a reviewing court must affirm the findings unless they are clearly erroneous. If the findings of fact are supported by reliable and substantial evidence, the reviewing court may not reweigh the evidence. The scope of review for an agency's conclusion of law, however, is broader. An agency's conclusion may be reversed if it represents an abuse of

discretion. Steffen v. Dept. of State Lands (Mont. 1986), 724 P.2d 713, 715, 43 St.Rep. 1636, 1638.

The District Court determined that the Board of Trustees overcame the presumption that Anderson is competent to teach in the classroom. The District Court failed to apply the standard of review outlined above when reviewing the decision of the State Superintendent of Public Instruction. The court erroneously states that "the issue in this case is how much evidence is needed to demonstrate teacher incompetence." The actual issue before the District Court, however, was whether the administrative agency, the State Superintendent of Public Instruction, abused its discretion in its conclusion of law or whether the findings of facts were clearly erroneous. Upon review of the record, we hold that the District Court erroneously substituted its judgment for that of the State Superintendent of Public Instruction.

The record clearly indicates that substantial evidence exists to support the findings of fact. For example, substantial evidence exists to support the State Superintendent's findings that Anderson was employed by the Missoula County School District No. 1 for thirteen years; that she held a tenured position; that she received satisfactory evaluations for her thirteen years of classroom teaching; that she participated in four structured interviews during the summer of 1984 to determine what teaching position she qualified for and that she performed poorly in all four interviews; and that as a result solely of the four structured interviews and the subsequent recommendation of the school administrators, the Board of Trustees dismissed Anderson for incompetence on September 10, 1984. These findings of fact are supported by substantial evidence and are not clearly erroneous.

Based upon the findings of fact, the State Superintendent of Public Instruction entered his conclusions of law. In pertinent part, the State Superintendent concluded that the Board of Trustees may dismiss a teacher before the expiration of her employment contract for incompetence pursuant to § 20-4-207, MCA; incompetence consists of the inability to perform ably and above a minimum level of sufficiency as determined by law within a classroom; the results of the structured interviews are relevant and material to the issue of competence and placement; the results of the structured interviews are not sufficient in themselves to meet the burden of proof to dismiss a tenured teacher for incompetence; and that the Board of Trustees should have considered Anderson's thirteen years of satisfactory classroom evaluations. The State Superintendent of Public Instruction then ordered that Anderson should be reinstated as a teacher in the Missoula County School District No. 1.

The State Superintendent of Public Schools did not abuse his discretion in determining the conclusions of law or in reinstating Anderson as a teacher in the Missoula county schools. As the State Superintendent noted, this case involves a careful balancing of Anderson's protected rights of tenure and the Board of Trustees' right to maintain the integrity of the schools. This Court has repeatedly recognized that a teacher's tenure is a substantial, valuable, and beneficial right which cannot be taken away except for good cause. Yanzick v. School District No. 23, Lake County (1982), 196 Mont. 375, 391, 641 P.2d 431, 440; State ex rel. Saxtorph v. District Court, Fergus County (1954), 128 Mont. 353, 361, 275 P.2d 209, 214. Incompetency qualifies as a good cause to take away a teacher's tenure, however, past decisions have indicated that a teacher's

performance should be assessed in a classroom atmosphere. See <u>Yanzick</u>, 196 Mont at 392, 641 P.2d at 441. The relevancy of the structured interviews are not questioned, however, they cannot be the sole determination of a teacher's level of competency when classroom experience and other valid means are also available for assessment.

When a tenured position is at stake, the teacher must have the benefit of having all the available evidence properly considered and weighed. The County Superintendent of Schools considered and weighed all the evidence, and determined that in light of Anderson's thirteen years of classroom experience, the Board of Trustees, by relying solely on the four structured interviews, failed to prove by a preponderance of evidence that Anderson was incompetent to teach in the Missoula county schools. The County Superintendent and the State Superintendent did not abuse their discretion in reinstating Anderson and allowing her classroom performance to be considered in determining her level of competency as a teacher. As a result, we hold that the District Court abused its discretion in substituting its judgment for that of the State Superintendent of Public Schools.

We reverse the District Court and reinstate the decision of the State Superintendent of Public Instruction and the Missoula County Superintendent of Schools.

_____
                                                        Justice

We Concur:

_____
                Chief Justice

_____

- 7 -

_____

_____

_____
           Justices

Mr. Justice L. C. Gulbrandson, specially concurring in the result.

    I reluctantly agree with the result expressed in the foregoing Opinion.

_____
        Justice