No. 95-206

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

DALE THOMAS KLOCK, d/b/a
TOM'S FOOD TOWN, a/k/a
TOM'S IGA,

      Petitioner and Appellant,

  v.

DEPARTMENT OF LABOR AND INDUSTRY,
EX REL., JAMES F. MARSHALL,

      Respondent and Respondent.



FILED
SEP 14 1995
Ed Smith COURT.
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      John Keith, Attorney at Law, Great Falls, Montana

      For Respondent:

      Melanie Symons, Legal Counsel, Department of
Labor & Industry, Helena, Montana

Submitted on Briefs:  August 31, 1995

Decided:  September 14, 1995

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Dale Thomas Klock (Klock) appeals from an order of the Eighth Judicial District Court, Cascade County, affirming an administrative order awarding James F. Marshall (Marshall) wages for overtime worked for Klock, d/b/a Tom's Food Town, a/k/a Tom's IGA (IGA). We affirm.

We restate the issues on appeal as follows:

1. Was the Department of Labor and Industry's letter to the District Court while the decision was pending an improper ex parte contact under § 2-4-613, MCA?

2. Is the hearing examiner's decision supported by substantial credible evidence?

Marshall began working for IGA on September 30, 1991, earning $4.50 per hour. He recorded his hours in a time book and was paid for all hours recorded. On January 17, 1992, Marshall was promoted to store manager and received a pay raise of fifty cents per hour. The time book previously used by Marshall to record his hours was given to another employee. According to Marshall, after being promoted he recorded his overtime hours on a calendar he kept at home and a notebook he carried with him. Marshall was paid for

2

forty hours a week at $5.00 per hour with one exception. He was paid for ten hours of overtime for the pay period ending February 2, 1992. Marshall quit his job with IGA on May 14, 1992.

Marshall filed a wage claim with the Montana Department of Labor and Industry (DLI) on August 7, 1992. He contended that Klock owed him for 683 hours of uncompensated overtime in the amount of $5,122.50. However, since Marshall owed Klock $1,042.63 for grocery bills, he reduced his claim to $4,079.87.

A contested case hearing was held on January 15, 1993, before a DLI hearing examiner. The hearing examiner determined that Marshall was entitled to $2,328.32 in wages, $1,164.16 in penalties, and $.51 per day in interest on the unpaid wages. Klock appealed this decision to the Board of Personnel Appeals (Board). After reviewing the record and considering the parties' briefs and oral arguments, the Board adopted the hearing examiner's Findings of Fact, Conclusions of Law and Order in an order dated July 22, 1993.

On August 20, 1993, Klock petitioned the Eighth Judicial District Court for judicial review of the Board's order. The DLI successfully moved to intervene as the real party in interest. The District Court issued an order dated March 20, 1995, affirming the administrative order awarding Marshall overtime wages, penalties and interest. Klock appeals.

> 1. Was the Department of Labor and Industry's letter to the District Court while the decision was pending an improper ex parte contact under § 2-4-613, MCA?

On March 10, 1995, the DLI sent a letter to the District Court

3

requesting that it expedite its determination of this case. Klock argues on appeal that DLI's sending of the letter was improper because the letter included extraneous matter which was unrelated, irrelevant and prejudicial to his case.

The letter at issue refers generally to articles printed in the Great Falls Tribune but does not specify the allegations against Klock contained in those articles. DLI's letter stated that Marshall was concerned that, if the Board's order were affirmed, he would be unable to collect the amount Klock owed him. As a result, DLI requested the District Court, on Marshall's behalf, to render its decision expeditiously.

Section 2-4-613, MCA, prohibits ex parte consultations between the decision-maker and a party in connection with an issue in a contested case unless the other party has notice and an opportunity to participate. Assuming arguendo that § 2-4-613, MCA, is applicable to this judicial review stage of a contested case proceeding, it was not violated here. A copy of DLI's letter was sent to Klock's attorney, but no response was made. In addition, the letter did not address an issue of fact or law in the case; it merely reminded the District Court that a Notice of Issue had been filed and requested an expeditious decision. Therefore, DLI's letter was not prohibited by § 2-4-613, MCA.

Klock also contends that the letter influenced the District Court's decision. He presents no evidence supporting this assertion, however, and the record does not suggest in any way that the letter influenced the court's decision on the merits of the

4

case. Nor does anything in the letter's reference to articles printed in the Great Falls Tribune prejudice Klock.

We conclude that DLI's letter was not an improper ex parte contact under § 2-4-613, MCA.

2. Is the hearing examiner's decision supported by substantial credible evidence?

Klock's Petition for Judicial Review asserted that the evidence presented at the contested case hearing did not support the hearing examiner's decision and that the Board erred as a matter of law by failing to reverse the hearing examiner's decision. Klock argues on appeal that the District Court erred in concluding that the hearing examiner's decision was supported by substantial credible evidence.

A rebuttable presumption exists in favor of an agency decision; the party challenging that decision has the burden of establishing that it is erroneous. Trustees, Missoula County Sch. Dist. 1 v. Anderson (1988), 232 Mont. 501, 503, 757 P.2d 1315, 1317 (citation omitted). Moreover, the Montana Rules of Appellate Procedure require the submission of a record sufficient to enable this Court to properly review the issues raised and citation to the record and to legal authority in support of arguments presented. Rules 9 and 23, M.R.App.P. Klock has failed to meet his burden.

We note at the outset that Klock included no transcript of the contested case hearing with the record on appeal. Nor does he make even a single reference to the tape recordings of that proceeding in arguing that substantial credible evidence does not support the hearing examiner's decision. Moreover, while Klock argues that a

5

summary of Marshall's hours worked was improperly admitted into evidence and relied on by the hearing examiner, he neither establishes that he properly preserved that issue on the record nor cites to any legal authority in support of his argument that a failure to provide the "best evidence" undermines the credibility of the party to a point where we would be justified in substituting our judgment for that of the fact-finder on the critical question of credibility.

Klock has simply failed to present any record or legal support for his argument that the hearing examiner's decision was not supported by substantial credible evidence. On that basis, we cannot ascribe error to either that decision or the District Court's determination that the decision was supported by substantial credible evidence.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6