JUSTICE NELSON
dissenting.
¶45 It concerns me that, while well intended, our decision creates a loophole in the teacher tenure act that will, henceforth, enable school boards to terminate tenured teachers in favor of less qualified and lower paid non-tenured teachers under the guise of using RIFs coupled with multiple endorsement criterion.
¶46 It is undisputed that the Scobey School District (the District) did not eliminate its social studies program and, thus, Radakovich’s position. The social studies program continued on after Radakovich’s termination-it was just taught, along with other courses, by other teachers, one of those being a non-tenured teacher (Tim Tharp). According to the findings of fact of the County Superintendent, the District could have terminated Tharp, assigned his duties to another teacher, and kept Radakovich in its employment. But that did not happen; rather, Radakovich was terminated.
¶47 In that regard, § 20-4-203, MCA, protects the tenure rights of teachers such as Radakovich, who have been offered and who have accepted a contract for the fourth consecutive year of employment. Tenure is a unique facet of teaching contracts designed to encourage academic freedom and to stimulate a vigorous, and sometimes controversial, discussion and debate in the pursuit of knowledge through continuing employment and economic security.
¶48 The multiple endorsement criterion constructed by the District, and now endorsed by this Court, is neither included in § 20-4-203, MCA, as a basis for terminating a tenured teacher, nor was it a part of the collective bargaining agreement. Rather, this criterion was constructed from whole cloth by the District without input from the teachers. Instead of being an “objective” standard, the multiple endorsement criterion is little more than a facile, artificial gimmick that enables school districts to target specific tenured teachers for termination under the guise of a RIF, and which allows the district to retain less qualified and lower paid non-tenured teachers. See Harris *25 v. Cascade County School Dist. 6 (1990), 241 Mont. 274, 786 P.2d 1164, where we rejected the school board’s decision to first eliminate a full-time P.E. position and, as a consequence, terminate the tenured teacher holding it, and then turn around and create a new half-time P.E. position for which the tenured teacher would be entitled to no consideration. We condemned this approach as “artificial” and involving a “hypertechnical distinction that could seriously threaten the value of tenure” and would “permit school boards to circumvent tenured rights ....” Harris, 241 Mont. at 281, 786 P.2d at 1168. The same conclusion appertains here.
¶49 I agree with Radakovich’s argument, if § 20-4-203, MCA, means anything, it must mean that a tenured teacher has the right to require the school district to structure its RIFs, where possible, to retain tenured teachers and to RIF non-tenured teachers. This alternative was undisputedly available to the District here, and there is nothing in the County Superintendent’s decision which explained why the District did not pursue this alternative.
¶50 Radakovich was tenured under § 20-4-203, MCA, and the collective bargaining agreement covering his employment provided that RIFs would be based on “seniority and/or personnel evaluations by the administrative staff.” The County Superintendent found that there were alternatives of RIF which could have allowed teachers to continue to teach in their endorsed areas, retain Radakovich and terminate a non-tenured teacher. Section 20-4-203, MCA, and the collective bargaining agreement provide a preference for the retention of tenured teachers. Indeed, our case law confirms that tenured teachers have the right to “bump” non-tenured teachers. Massey v. Argenbright (1984), 211 Mont. 331, 337, 683 P.2d 1332, 1335 (school board’s policy of hiring only those teachers who have majored in the subject does not supersede the Teacher Tenure Act and holding that the school board was obligated to offer Massey one of the comparable teaching positions held by a non-tenured teacher).
¶51 I would conclude that, here, the School Board refused to follow the law and the collective bargaining agreement. Unfortunately, our decision creates a loophole in the Teacher Tenure Act that will, henceforth, enable school boards to terminate tenured teachers in favor of less qualified and lower paid non-tenured teachers under the guise of RIFs coupled with multiple endorsement criterion. If these sorts of criterion are to hereafter be a part of the alternatives available to school districts conducting a RIF, then multiple endorsement criterion should be either included in the Teacher Tenure Act by the *26 Legislature or bargained for as part of the collective bargaining process.
¶52 This Court has consistently held that teacher tenure is a valuable and substantial right that cannot be taken away except for good cause. Yanzick v. School District No. 23 (1982), 196 Mont. 375, 391, 641 P.2d 431, 440 (citing State ex rel. Saxtorph v. District Court, Fergus County (1954), 128 Mont. 353, 361, 275 P.2d 209, 214). See also Trustees, Missoula Cty S.D. 1 v. Anderson (1988), 232 Mont. 501, 505, 757 P.2d 1315, 1318; Baldridge v. Board of Trustees (1997), 287 Mont. 53, 58, 951 P.2d 1343, 1346.
¶53 I fear that we have now substantially diminished that right and have opened a door for abuse.
¶54 I would affirm the trial court. I dissent from our failure to do so.